UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MICHAEL STEVEN KOBER | CIVIL ACTION NO. 11-cv-0623 |
| VERSUS | JUDGE STAGG |
| AMERICAN UNIVERSITY OF CARRIBEAN NV, INC. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

**Introduction**

Michael Steven Kober ("Plaintiff") is a former student of American University of the Carribean School of Medicine, which is located on the island of St. Maarten in the Netherlands Antilles. Plaintiff completed his second year of instruction at the school but was unable to begin the clinical phase of his medical education because he did not, despite a number of attempts, pass the United States Medical Licensing Exam Step 1 Exam that is administered by the National Board of Medical Examiners ("NBME").

Plaintiff told the NBME that he had an anxiety disorder and dyslexia, and he asked for additional time to take the exam. This led to ongoing disagreements with the NBME, a number of failed exams, leaves of absence from medical school, and a lawsuit against the NBME. The medical school eventually dismissed Plaintiff for being absent without leave. Plaintiff insists on readmission, because enrollment in medical school is required before he can register for another attempt to pass the exam.

Plaintiff filed this action pursuant to the Americans With Disabilities Act against the alleged owner of the medical school, American University of the Carribean NV, Inc. ("Defendant"). Plaintiff seeks damages as well as an injunction that compels his readmission to medical school so that he may register for another attempt at the Step 1 Exam. Defendant has filed a Motion to Dismiss (Doc. 29) for failure to state a claim on which relief can be granted, lack of personal jurisdiction, and improper venue.

A federal court generally may not rule on the merits of a case without first determining that it has subject-matter jurisdiction over the case and personal jurisdiction over the parties. Sinochem Intern. Co. Ltd. v. Maylasia Intern. Shipping Corp., 127 S.Ct. 1184, 1191 (2007). The court will, therefore, address the personal jurisdiction defense before reaching the Rule 12(b)(6) arguments. For the reasons that follow, it is recommended that the motion be granted based on a lack of personal jurisdiction and that

**Personal Jurisdiction**

The Louisiana long arm statute, which this federal diversity court must apply, extends as far as is permitted by due process. Patin v. Thoroughbred Power Boats Inc., 294 F.3d 640 (5th Cir. 2002). The exercise of personal jurisdiction over a defendant comports with due process only if (1) the defendant has purposefully availed himself of the benefits and protections of Louisiana by establishing "minimum contacts" with Louisiana and (2) the exercise of personal jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. Allred v. Moore & Peterson, 117 F.3d 278, 285 (5th Cir. 1997).

Minimum contacts with Louisiana may arise incident to the federal court's general or specific jurisdiction over the non-resident.  General jurisdiction is invoked where the non-resident maintains continuous and systematic contacts with Louisiana.  Specific jurisdiction is appropriate only when the nonresident's contacts with Louisiana arise from, or are directly related to, the cause of action asserted by the plaintiff. Lewis v. Fresne, 252 F.3d 352, 358 (5th Cir. 2001).

On a pretrial motion such as this one where no evidentiary hearing is held, the uncontroverted allegations in the plaintiff's complaint must be taken as true, and any conflicts between facts contained in the parties' affidavits must be resolved in the plaintiff's favor.  Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990). Those facts must create for the plaintiff a *prima facie* showing of jurisdiction.  Travelers Indemnity Co. v. Calvert Fire Ins. Co., 798 F.2d 826, 831 (5th Cir. 1986).  If the plaintiff satisfies that minimal standard, he must still prove the jurisdictional facts at trial or through hearing by a *preponderance of the evidence* before he may obtain relief on the merits against the non-resident.  Id.; Felch v. Transportes Lar-Mex, 92 F.3d 320, 326 (5th Cir. 1996).

**Relevant Facts**

Defendant is a for-profit, foreign corporation that owns and operates the medical school.  It filed a Certificate of Domestication with the State of Florida in 2003, and its administrative offices are located in Coral Gables, Florida.  The school meets the requirements of a federally guaranteed student loan program and is approved for participation in federal financial aid programs.  First Amended Complaint, ¶ 3.

The vast majority of students come from the United States. After they complete a basic science curriculum at the St. Maarten campus, the students attend two years of clinical studies at affiliated hospitals, approximately 20 of which are located in the United States in nine different states. ¶ 3. Plaintiff testifies by affidavit that he became aware that the medical school conducts one of its core clinical rotations at Brentwood Behavioral Health Company in Shreveport, Louisiana, and it advertises the rotation on its website. He adds that the school allows its students to attend elective clinical rotations at affiliated hospitals in Louisiana, including hospitals in Lake Charles and New Orleans. The students may participate in an elective rotation in emergency room medicine at the LSU Medical Center in Shreveport.

Yife Tien is president of a U.S. subsidiary of Defendant and has been involved in management of the medical school for almost 30 years. He testifies that the vast majority of students have received their clinical training at teaching hospitals in the northeastern region of the United States, with very few rotated in Louisiana. In 2010, there were 1,516 core rotations, but only 27 were completed in Louisiana. Of the 1,794 elective rotations completed, only 39 took place in Louisiana. He adds that the training during the rotations is conducted by the physicians and staff at the teaching hospitals without active participation by the medical school. Plaintiff did not complete any rotations in Louisiana or elsewhere.

Mr. Tien testifies that Defendant has never had an office in Louisiana, is not registered to do business in the state, has no bank accounts here, has never been sued in Louisiana, and none of its employees, directors, or officers live in Louisiana.

Plaintiff alleges in ¶ 5 of the First Amended Complaint that Defendant actively recruits students in Louisiana for its medical school. The recruitment includes sending flyers to several of the major universities in the state, and the school has sent recruiters to Louisiana. Plaintiff alleges that approximately 17% of his medical school class came from Louisiana. Mr. Tien testifies that a small portion of the school's students come from Louisiana, and only about 6.8% of Plaintiff's incoming class was from Louisiana.

**Analysis**

    **A. General Jurisdiction**

A discussion of general jurisdiction must begin with Gehling v. St. George's School of Medicine, Ltd., 773 F.2d 539 (3d Cir. 1985). The parents of a medical student who died at his college located in Grenada, West Indies, filed a wrongful death suit in their home state of Pennsylvania. The medical school challenged general jurisdiction. The school's contacts with Pennsylvania included soliciting students through advertisements in newspapers circulated in the state, and a media swing taken a few years earlier through nine cities, including Philadelphia, to promote the medical school. Approximately six percent of students in the deceased's class were from Pennsylvania, and the medical school participated in a joint international program with a college located in Pennsylvania. The Third Circuit found that the Plaintiffs did not meet their burden of showing a sufficient nexus between the medical school and Pennsylvania to subject the school to personal jurisdiction for claims arising from non-forum related activities.

Many courts have followed the lead of the Third Circuit in similar cases and held that an out-of-state school is not subject to general jurisdiction simply because it may draw students from the forum state, receive revenue from the forum state through tuition or fund-raising, recruit students in the state, or have contacts with alumni in the state. See, e.g., Nanoexa Corp. v. The University of Chicago, 2010 WL 4236855 (N.D. Cal. 2010); Pinninti v. NRI Medical College, 2010 WL 2483992 (D. N. J. 2010); American University System, Inc. v. American University, 2012 WL 847035 (N. D. Tex. 2012); Corrales Martin v. Clemson University, 2007 WL 4531028 (E.D. Pa. 2007); and Scherer v. The Curators of the University of Missouri and Law School Admission Council, 152 F. Supp. 2d 1278 (D. Kan. 2001).

The American University case presented a defendant who had much more extensive contacts than seen in this case. The defendant university had about 200 events in Texas, employed scores of people with Texas addresses, and entered into several contracts with Texas forum selection clauses, but there was no general jurisdiction over the defendant in Texas. The court noted: "In similar cases involving the issue of personal jurisdiction over an out-of-state educational institution, courts have unanimously determined that the institution is not subject to general personal jurisdiction where its only contacts with the forum state are its involvement in activities that are typical of a nationally prominent university." American University, 2012 WL 847035 at *6.

The same result should be reached in this case. Plaintiff has not produced any facts that would distinguish his case from the cited decisions and the many others cited within them that have found no general personal jurisdiction in similar settings.

### B. Specific Jurisdiction

Plaintiff argues that the court may exercise specific jurisdiction over Defendant, which requires that Plaintiff's cause of action arise from or be related to Defendant's contacts with Louisiana. Plaintiff asserts that all of his claims arise from Defendant's contacts with Louisiana, but his only support for this contention is that his attendance at the Caribbean medical school was the result of Defendant advertising and recruiting students in Louisiana. Plaintiff's claims do not, however, arise from any representations or events related to his recruitment to attend the school. Rather, his claims arise from his complaints about accommodations leaves of absence when he was unable to pass a medical licensing exam.

Plaintiff did not first attempt the exam until after his second year of instruction at the medical school. Plaintiff alleges that he had communications with school officials in Coral Gables, Florida during his attempts to secure leaves of absence and readmission, but he does not describe any contacts with Defendant in Louisiana that are related to those issues. Plaintiff has not met his burden of establishing a basis for the exercise of specific personal jurisdiction over Defendant.

### Transfer of Venue

A court which lacks personal jurisdiction may nonetheless transfer the case to a district where venue is proper and where personal jurisdiction can be had over the defendant.

The transfer may be accomplished under 28 U.S.C. §1404(a), which authorizes a transfer for "the convenience of parties and witnesses [and] in the interests of justice", or pursuant to Section 1406(a), which authorizes transfer where the case has been filed in an improper venue. Bentz v. Recile, 778 F.2d 1026 (5th Cir. 1985); Self v. M&M Chemical Co., 1999 WL 195576, *4 (5th Cir. 1999).

Defendant states in his motion that this action could have been brought in the Southern District of Florida, where it is registered to do business and where events took place that are related to the claims. Rather than dismiss the action, which could give rise to a timeliness issue if Plaintiff were to file a new suit, the better remedy is to transfer venue of this action to the Southern District of Florida.

While Defendant's Motion to Dismiss was under consideration, Plaintiff filed a Motion for Leave to Amend Complaint (Doc. 37), by which he proposes to add two new defendants that he alleges purchased the medical school and are now liable for his claims. Defendant opposes the proposed amendment. Considering the recommended transfer of venue, this court should defer a ruling on that motion and allow the transferee court to address it.

Accordingly,

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss (Doc. 29) be **granted** as follows: venue of this action be transferred to the Southern District of Florida based on the connections of Defendant and the claims at issue to Coral Gables, Florida.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of May, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE