UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-22276-Civ-COOKE/TURNOFF

MICHAEL STEVEN KOBER,

    Plaintiff,

vs.

AMERICAN UNIVERSITY OF
CARRIBEAN NV INC.,

    Defendant.
_____/

## STATEMENT OF CLAIM

COMES NOW Plaintiff, MICHAEL STEVEN KOBER, by and through undersigned counsel, and files this Statement of Claim, as Ordered by this Court by D.E. #52, and states as follows:

While the undersigned recognizes that the statement of claim is predominantly used for removal of architectural barrier claims under the Americans with Disabilities Act, See 42 U.S.C. 12182(b)(2)(A)(iv), this is not such a claim. This claim involves a medical student, Plaintiff Michel Kober, who attended the American University of the Caribbean (AUC) operated by American University of the Caribbean N.V. and could not get an accommodation for his learning disability from the National Board of Medical Examiners (NBME) for his USMLE Step 1 Exam examination so he could progress in his educational career. Mr. Kober had a history of the learning disability and had received accommodations through his undergraduate and graduate educational career and all testing (in school and standardized) since college.

NMBE and AUC are not associated in any way, and this is where Mr. Kober's dilemma and "Catch 22" begins. AUC permitted Mr. Kober several semesters to take the NBME or to get

KOBER v. AMERICAN UNIVERSITY OF CARRIBEAN NV INC.
Case No.: 12-22276-Civ
Page 2 of 3

the accommodations. As a result of failing the test, Mr. Kober was forced to sue the NBME to obtain the additional time for the test. Due to the failure of NBME to issue an official denial of accommodations, the Court in Louisiana, the Court in Kober v. National Board of Medical Examiners, Case No. 09-1772, dismissed the matter without prejudice if the NBME officially denies Mr. Kober his accommodations. When Kober attempted to reapply to take the NBME test, he was advised that he was no longer registered at AUC and, as a person who is not registered at a medical school, he was no longer eligible to take the Step 1 exam. Even though Kober applied for leave due to the need for the accommodation, and was granted such leave on three prior occasions, he was dismissed. Further, even though he was previously in good academic standing, AUC refused to permit his reapplication because they did not wish to start a precedent.

As such, the Plaintiff commenced this suit to be readmitted to AUC as they denied his accommodation to admit KOBER to AUC so he could take the NBME test with accommodations and continue his education. The policy not to allow Kober to remain admitted so he could take the exam with accommodation is arbitrary and is a denial of a reasonable accommodation.

In the midst of the case, AUC was sold to a different entity, of which the Plaintiffs are seeking to amend the complaint and include the two new entities, Defendants Devry Medical International, Inc., and AUC School of Medicine B.V., who could provide the non-monetary relief. Also, the Plaintiff will amend the complaint to add in the NBME as a necessary party in order to have relief granted. With the new regulations propounded under the ADA specifically addressing post-secondary testing accommodations, it is unlikely that Kober could be denied accommodations due to his history of receiving accommodations by his post-secondary institutions and post-secondary standardized testing agencies.

American University of the Caribbean N.V. is also moving to be dismissed from the claim as they have no operational interest in the entity. However, as the entity who allegedly committed the discriminatory action by disenrolling Kober, American University of the Caribbean N.V. is liable for their intentionally discriminatory acts under the Rehabilitation Act of 1973, of which compensatory damages are available.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 20, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of electronic filing to **Robert R. Bell, Esq**., Mullin, Hoard & Brown, P.O. Box 31656, Amarillo, TX 79120, **Clinton C. Black, Esq.,** Kitchens Benton et al., 212 Airline Drive, Ste. 200, Bossier City, LA 71111, and **Anna Aurelia Mance, Esq.**, **Hendrik Gerardue Milne, Esq**. and **Renee Rubinstein Tischler, Esq**., Aballi Milne Kalil & Escagedo, 1 S.E. 3rd Avenue, Suite 2250, Miami, Florida 33131.

    LAW OFFICES OF MATTHEW W. DIETZ, P.L.
2990 Southwest 35th Avenue
Miami, Florida 33133
Telephone: (305) 669-2822
Facsimile: (305) 442-4181

By: s/ Matthew W. Dietz, Esq.
    Matthew W. Dietz, Esq.
    Florida Bar No. 84905