UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 1:12-cv-22276-COOKE/TURNOFF**

MICHAEL STEVEN KOBER,

    Plaintiff,

v.

AMERICAN UNIVERSITY OF THE CARIBBEAN,
N.V., INC.,

    Defendant.

_____/

**RESPONSE TO STATEMENT OF CLAIM**

Michael Steven Kober's ("Mr. Kober") relationship with American University of the Caribbean School, N.V., the former operating company of the international medical school AUC, began in 2005 when he became a student of the university. Their contractual relationship was governed, in part, by the policies set forth in the Student Handbook. AUC's students complete their first two years on campus on the Island of St. Maarten, and then, assuming they pass a standardized test, go on to complete two more years of clinical rotations at various hospitals mostly located within the United States.

The standardized test that AUC students, like all intending U.S. physicians, must take and pass before their clinical rotations is the USMLE Step 1 Exam (the "Exam"). The Exam is administered by a national non-profit organization, the National Board of Medical Examiners ("NBME"). The NBME is a separate and distinct entity from AUC with its own guidelines and procedures. AUC has no control over the NBME or the results of the exams it administers.

When studying and sitting for the Exam, AUC students intending to take a leave must request an official leave of absence as described in the Student Handbook. The Student Handbook specifies that all official leaves of absence must be approved and only three will be given, possibly four in extraordinary circumstances. This is to ensure compliance with the licensure requirements of all fifty states and the requirements of the U.S. Department of Education so that AUC can continue to participate in the William D. Ford Federal Direct Loan program.

Mr. Kober completed his first two years of science courses at AUC, during which time AUC provided him with special testing accommodations due to his alleged disability and request for such accommodations.

Upon completing his basic science courses, Mr. Kober took an official leave of absence in order to prepare for and take the Exam. Mr. Kober at this point began his relationship with the NBME which is outlined in detail in the briefing on the Motion to Dismiss the Amended Complaint.

While attempting unsuccessfully on three separate occasions to pass the Exam, Mr. Kober was granted every official leave he properly applied for, **six** in total. This is twice as many as AUC normally allows. However, Mr. Kober failed for the seventh semester to request an official leave of absence and pursuant to the Student Handbook was taken off the student enrollment. This is an objective policy administered automatically when Mr. Kober did not comply with his agreement with AUC. At this point, Mr. Kober was no longer a student of AUC and his relationship with AUC was over.

AUC, however, did offer Mr. Kober conditional readmission for leave for a **seventh** semester, which would have allowed Mr. Kober back into medical school to have one more shot

at passing the Exam and provided him with standing to bring any claims against the NBME. Mr. Kober refused the offer and asked to be readmitted for an indefinite length of time. AUC rejected this counter offer. No new agreement between the parties was entered into.

As a result, Mr. Kober filed suit against American University of the Caribbean, N.V. for violating his rights under the ADA and the Rehabilitative Act. Mr. Kober, however, has not stated a claim against American University of the Caribbean, N.V. upon which relief can be granted. Based on his pleading it is not plausible that America University of the Caribbean, N.V. violated his rights nor has he stated any facts to connect his disability to the complained actions of American University of the Caribbean, N.V.

What Mr. Kober has pled is that AUC provided him with reasonable accommodations while he was a medical student at the university. It provided him with special testing accommodations and granted him every official leave of absence he applied for (**six** in total) when its policy is to only grant three. Furthermore, AUC made Mr. Kober a reasonable offer after he was no longer a student of the university to be conditionally readmitted for a seventh semester of leave. Mr. Kober refused this accommodation.

Mr. Kober has failed to state a claim upon which relief can be granted nor can he state one as American University of the Caribbean, N.V. has not violated his rights under the ADA or Rehabilitative Act. This action should therefore be dismissed.

                                    Respectfully submitted,

                                    ABALLI, MILNE, KALIL, P.A.
                                    2250 SunTrust International Center
                                    One Southeast Third Avenue
                                    Miami, Florida 33131
                                    Telephone: (305) 373-6600
                                    Facsimile: (305) 373-7929

                                    s/ *Renee R. Tischler*
                                    Renee R. Tischler, Esq.
                                    Florida Bar No. 26939
                                    Hendrik G. Milne, Esq.
                                    Florida Bar No. 335886

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the foregoing was served via CM/ECF on all parties authorized to receive service via CM/ECF and via U.S. Mail upon counsel for Plaintiff Michael Steven Kober, Clinton C. Black, at Kitchens Benton Kitchens, 212 Airline Drive, Ste. 200, Bossier City, LA 71111 and Robert R. Bell, at Mullin Hoard & Brown, P.O. Box 31656, Amarillo, TX 79120, this 1st day of August, 2012.

                                    s/ *Renee R. Tischler*