IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MICHAEL STEVEN KOBER,

    Plaintiff,

v.

AMERICAN UNIVERSITY OF THE
CARIBBEAN N.V., INC.,
DEVRY MEDICAL INTERNATIONAL,
INC., AUC SCHOOL OF MEDICINE
B.V., and NATIONAL BOARD OF
MEDICAL EXAMINERS OF THE
UNITED STATES OF AMERICA

    Defendants.
_____/

Case No.: 12-CV-22276

## **MOTION TO AMEND COMPLAINT**

COMES NOW, Plaintiff, Michael Steven Kober ("Kober"), by and through undersigned counsel, and pursuant to Rule 15, Fed. R. Civ. P., move to amend the complaint and in support thereof states as follows:

1. The Plaintiff wishes to amend the complaint in this matter to fully encompass all claims and parties in this matter. The Plaintiff seeks to join the National Board of Medical Examiners, Inc., Devry Medical International, Inc., American University of the Caribbean School of Medicine, B.V.

2. On July 23, 2012, the parties in the above referenced matter attended a hearing before this Court on the Motion to Amend Plaintiff's Complaint. [D.E. # 58, 37].

3. This Court *Ordered* Plaintiff to file an amended motion to amend the complaint with the Plaintiff's proposed amended complaint attached. [D.E. # 59].

4. Pursuant to this Court's order the Plaintiff has amended the complaint. (Attached hereto as Exhibit A).

5. There has been no discovery on this file, the claims are not futile, and there is no prejudice suffered by the Defendants by the filing of the complaint.

6. The amendment is necessitated by the current defendant selling its interest in the public accommodation, and such parties must be included to afford complete injunctive relief. Further, the original defendant must be included because of the Plaintiff's claim to damages due to the intentional nature of their claims under Section 504 of the Rehabilitation Act of 1973.

7. Further, pursuant to Local Rule 7.1, the undersigned contacted opposing counsel regarding this motion and defense counsel objects to the amendment requested herein.

8. Plaintiff is filing this motion and its proposed amended complaint pursuant to this Court's Order. [D.E. # 59].

**WHEREFORE**, Plaintiff respectfully requests this Court GRANT his Motion to Amend the Complaint, and deem Exhibit "A" as filed, and grant such further relief as this Court deems just and equitable.

### MEMORANDUM OF LAW

A decision whether to grant leave to amend is within the discretion of the district court. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227; 9 L. Ed. 2d 222 (1962). However, the court's discretion is severely circumscribed. Discretion to deny leave to amend is limited by the principle, embodied in Federal Rule of Civil Procedure 15(a) that "leave shall be freely given when justice so requires," and by the general policy

embodied in the Federal Rules favoring resolution of cases on their merits. *See* Fed.R.Civ.P. 1. Rule 15(a), Fed. R. Civ. P., states as follows:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

The standard for amendments under Rule 15(a) was stated by The Supreme Court, in Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed. 222 (1962) as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice by the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.--the leave sought should, as the rules require, be "freely given."

Further, the Supreme Court in Foman found that the Federal Rules should be construed in order to secure the just, speedy, and inexpensive determination of every action. Foman v. Davis, 371 U.S. at 183.

As Plaintiffs requested amendment will give this Court the opportunity to grant full relief in this action and such leave to amend the complaint was granted by this Court,

this leave should be "freely given". Furthermore, Plaintiffs' Motion to Amend does not involve undue delay, bad faith, or dilatory motive on the part of the movant therefore the requested amendment should be granted by this court.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 10, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of electronic filing to **Robert R. Bell, Esq.**, Mullin, Hoard & Brown, P.O. Box 31656, Amarillo, TX 79120, **Clinton C. Black, Esq.,** Kitchens Benton et al., 212 Airline Drive, Ste. 200, Bossier City, LA 71111, and **Anna Aurelia Mance, Esq.**, **Hendrik Gerardue Milne, Esq**. and **Renee Rubinstein Tischler, Esq**., Aballi Milne Kalil & Escagedo, 1 S.E. 3rd Avenue, Suite 2250, Miami, Florida 33131.

LAW OFFICES OF MATTHEW W. DIETZ, P.L.
2990 Southwest 35th Avenue
Miami, Florida 33133
Telephone: (305) 669-2822
Facsimile: (305) 442-4181

By: s/ Matthew W. Dietz, Esq.
  Matthew W. Dietz, Esq.
  Florida Bar No. 84905