UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:12-cv-22276-COOKE/TURNOFF

MICHAEL STEVEN KOBER,

    Plaintiff,

v.

AMERICAN UNIVERSITY OF THE CARIBBEAN,
N.V., INC.,

    Defendant.

_____/

### AMERICAN UNIVERSITY OF THE CARIBBEAN N.V.'S OPPOSITION TO MOTION TO AMEND PLAINTIFF'S COMPLAINT [D.E. 64]

Defendant, American University of the Caribbean, N.V. ("AUC"), files its opposition to Plaintiff, Michael Steven Kober's (Kober), Motion to Amend the [Amended] Complaint (the "Motion to Amend") [D.E. 64], and states:

AUC opposes the relief requested in the Motion to Amend because Kober has made no attempt to fix fatal defects pointed out to him by AUC in its Motion to Dismiss the Amended Complaint [D.E. 29] [1] and in its Opposition to Motion to Amend Plaintiff's Complaint [D.E. 40]. *Pilkington v. United Airlines, Inc.*, 158 F.R.D. 508, 509 (M.D. Fla. 1994) (internal quotations and citations omitted) ("the decision to grant or deny leave to amend lies within the sound discretion of the district court. In exercising its discretion, the district court may consider a variety of factors including: [u]ndue delay, bad faith or dilatory motive on the party of the

---

[1] AUC also moved to dismiss the Complaint [D.E. 1] on September 14, 2011. [D.E. 17]. It too contained similar factual and legal defects as the proposed Third Amended Complaint.

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, *futility of the amendment*, etc."). (emphasis added). *See* Motion to Dismiss Amended Complaint [D.E. 29] and Opposition to Motion to Amend Plaintiff's Complaint. [D.E. 40].

AUC filed its Motion to Dismiss the Amended Complaint on November 1, 2011. Kober has now had over eight months to address the Amended Complaint's facial infirmities, yet he still has not stated a proper claim upon which relief can be granted. *Stringer v. Jackson*, 392 F. App'x 759, 760 (11th Cir. 2010) (internal quotations and citations omitted) ("[a] district court may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Although a complaint need not contain detailed factual allegations, it must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted) ("[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). *See briefing on* Motion to Dismiss the Amended Complaint, [D.E. 29] and [D.E. 36], for complete argument.

Kober's sole claim against AUC is that it violated the Rehabilitation Act and that Kober is entitled to damages under it. In order to properly plead a Rehabilitation Act claim, Kober would need to allege that: (1) Kober is a handicapped individual under the Act, (2) that Kober is otherwise qualified for the benefit sought, (3) that Kober was *discriminated against solely by reason of his handicap*, and (4) that the program or activity in question receives federal financial

assistance. *Schiavo ex rel Schindler v. Schiavo*, 358 F. Supp. 2d 1161, 1165-66 (M.D. Fla. 2005) (emphasis added).

Nowhere in the proposed Third Amended Complaint, however, does Kober make any allegations or plead any facts to support that the conduct he complains of is in any way related to his disability, let alone the sole reason for it. All he pleads is that in 2010 AUC took him off student enrollment and that when he asked to be readmitted, AUC provided him with a conditional offer that would have given him the relief he was requesting[2]. In addition, Kober pleads in the proposed Third Amended Complaint that AUC made reasonable accommodations for Kober while he was enrolled at the medical school. *See* Third Amended Complaint, [D.E. 64-1], p. 3, ¶ 9.

AUC has already had to go through the exercise of filing two motions to dismiss. It should not have to spend the time and needless expense of doing so again. In addition, AUC notified Kober of the sale of the medical school in August 2011 and soon thereafter he was provided with documents to support same. Kober amended the Complaint in October 2011. No attempt at that time was made to add the new owner. Further, Kober now seeks to add an additional third party, the National Board of Medical Examiners (the "NBME"), which offers and administers the USMLE Step 1 Exam.[3] The NBME is a national not-for-profit entity which tests all intending U.S. physicians. It is not related to or affiliated with AUC or the medical school. Adding it as a third party will create additional expense and complexity for AUC.

---

[2] The conditional offer would have provided Kober with another chance to sit for the USMLE Step 1 exam and would have given him standing to pursue any claim he may have against the National Board of Medical Examiners (the "NBME").

[3] We do not represent the new owner of the medical school or the National Board of Medical Examiners and, therefore, further object to the relief requested in the Motion to Amend.

WHEREFORE, American University of the Caribbean, N.V. respectfully requests the Court deny Michael Steven Kober's Motion to Amend the Complaint [D.E. 64]. If, however, the Court grants the Motion to Amend, AUC respectfully requests it be the last amendment allowed.

Respectfully submitted,

ABALLI, MILNE, KALIL, P.A.
2250 SunTrust International Center
One Southeast Third Avenue
Miami, Florida 33131
Telephone: (305) 373-6600
Facsimile: (305) 373-7929

s/ *Renee R. Tischler*
Renee R. Tischler, Esq.
Florida Bar No. 26939
Hendrik G. Milne, Esq.
Florida Bar No. 335886

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served via CM/ECF on all parties authorized to receive service via CM/ECF and via U.S. Mail upon counsel for Plaintiff Michael Steven Kober, Clinton C. Black, at Kitchens Benton Kitchens, 212 Airline Drive, Ste. 200, Bossier City, LA 71111 and Robert R. Bell, at Mullin Hoard & Brown, P.O. Box 31656, Amarillo, TX 79120, this 21st day of August, 2012.

s/ *Renee R. Tischler*