IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MICHAEL STEVEN KOBER,

      Plaintiff,

v.

                                Case No.: 12-CV-22276

AMERICAN UNIVERSITY OF THE
CARIBBEAN N.V., INC.,
DEVRY MEDICAL INTERNATIONAL,
INC., AUC SCHOOL OF MEDICINE
B.V., and NATIONAL BOARD OF
MEDICAL EXAMINERS OF THE
UNITED STATES OF AMERICA

      Defendants.
_____/

## REPLY TO MOTION TO AMEND COMPLAINT

COMES NOW, Plaintiff, Michael Steven Kober ("Kober"), by and through undersigned counsel, and replies to Defendant AMERICAN UNIVERSITY OF THE CARIBBEAN N.V., INC's Opposition to Plaintiff's Motion to Amend the Complaint, and states as follows:

The only ground provided in the response by the Defendant as to why leave should not be granted is the allegation that such amendment is futile based on the lack of one allegation in one count, to wit:

> Nowhere …. does Kober make any allegations or plead any facts to support that the conduct he complains of is in any way related to his disability, let alone the sole reason for it.

Response, p. 3.  This contention has no merit.  The complaint discusses at length Mr. Kober's disability and the discriminatory acts of AUC when it dismissed him from school after being paid over $200,000 in tuition.  Basically, AUC is asking for this court to

decide the merits of this case based on AUC's arguments in its response to the motion to amend.  Doing so, however, is not warranted as shown herein, violates Rule 15's liberal amendment standards, and would be prejudicial to Mr. Kober.

The cause of action against this Defendant is that Mr. Kober was not permitted to remain an enrolled student at AMERICAN UNIVERSITY OF THE CARIBBEAN N.V., INC.(AUC) so he could get the accommodations he required, and that AUC knew that he required, to pass the exam provided by the National Board of Medical Examiners. Third Amended Complaint ¶ 16, 17, 18, 19. Kober needed to pass the NBME examinations in order to continue on to further classes to matriculate from AUC.

Kober requested an accommodation to remain enrolled at AUC so he could take the exam because of his disability and need for the accommodations, and both by rejecting him, and refusing to allow him to re-enroll, AUC deliberately and intentionally denied his accommodation. Third Amended Complaint ¶ 18, 19, 20. Even AUC concedes in its response that they attempted to provide him a "conditional offer", but such offer on readmission was conditioned on that he is required to take the NBME exam without the needed accommodation. Response, p. 3, Third Amended Complaint ¶ 20 Such discrimination was intentional and solely related to his disability as AUC knew that both Kober required the accommodation for his disability, and acted in reckless disregard of such knowledge.

The conduct that Mr. Kober complains of in Count II is the denial of a reasonable accommodation in rules and policies of the Defendant in order to be able to allow Mr. Kober take the NBME exam because of his disability.  As to the sole reason for the

discrimination, the disability is always the sole reason for the denial of a reasonable accommodation for a disability.  If there is some other reason for a denial, such other reasons is the defenses in this action.  In the Third Amended Complaint, the Plaintiff alleges that there is no pedagogical or legitimate reason for failure to give that reasonable accommodation as it allows graduation of students within seven years of matriculating. Third Amended Complaint. ¶55

This action was recently transferred to this Court by AUC, and the Motions to Dismiss on the allegations presented by Plaintiff have not been resolved by any court. However, it is clear that this is just another method of delay and to deprive Mr. Kober of his ability to have his opportunity at a medical education.  In 2011, during the pendency of this case, AUC sold the school to DEVRY MEDICAL INTERNATIONAL, INC., AUC SCHOOL OF MEDICINE B.V., and required that this matter be transferred to this Court.  Because the school was sold, Plaintiff was required to amend to include the new owners of the facility; however, AUC is attempting to dismiss the case (in a forum of its choice), to create additional delay and prejudice to the plaintiff and to prevent them from obtaining jurisdiction over the new owners.

The standard for amendments under Rule 15(a) was stated by The Supreme Court, in Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed. 222 (1962) as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice by the opposing party by virtue of allowance of the amendment,

futility of the amendment, etc.--the leave sought should, as
the rules require, be "freely given."

Further, the Supreme Court in <u>Foman</u> found that the Federal Rules should be
construed in order to secure the just, speedy, and inexpensive determination of every
action. <u>Foman v. Davis</u>, 371 U.S. at 183.

As Plaintiffs requested amendment will give this Court the opportunity to grant
full relief in this action and such leave to amend the complaint was granted by this Court,
this leave should be "freely given". Furthermore, Plaintiffs' Motion to Amend does not
involve undue delay, bad faith, or dilatory motive on the part of the movant therefore the
requested amendment should be granted by this court.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on August 21, 2012, I electronically filed the
foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the
foregoing document is being served this day on all counsel of record via transmission of
Notices of Electronic Filing generated by CM/ECF or in some other authorized manner
for those counsel or parties who are not authorized to receive electronically notices of
electronic filing to **Robert R. Bell, Esq**., Mullin, Hoard & Brown, P.O. Box 31656,
Amarillo, TX 79120, **Clinton C. Black, Esq.,** Kitchens Benton et al., 212 Airline Drive,
Ste. 200, Bossier City, LA 71111, and **Anna Aurelia Mance, Esq**., **Hendrik Gerardue
Milne, Esq**. and **Renee Rubinstein Tischler, Esq**., Aballi Milne Kalil & Escagedo, 1
S.E. 3rd Avenue, Suite 2250, Miami, Florida 33131.

LAW OFFICES OF MATTHEW W. DIETZ, P.L.
2990 Southwest 35th Avenue
Miami, Florida 33133
Telephone: (305) 669-2822
Facsimile: (305) 442-4181

By: <u>s/ Matthew W. Dietz, Esq.</u>
Matthew W. Dietz, Esq.
Florida Bar No. 84905