UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-22276-Civ-COOKE/Turnoff

MICHAEL STEVEN KOBER,

    Plaintiff,

vs.

AMERICAN UNIVERSITY OF THE
CARRIBBEAN N.V., INC.,

Defendant.
_____/

### ORDER GRANTING PLAINTIFF'S MOTION FOR
### LEAVE TO FILE AMENDED COMPLAINT

**THIS CAUSE** came before the Court upon Plaintiff's Motion to Amend Complaint. (ECF No. 64). This Motion was referred to the undersigned by the Honorable Marcia G. Cooke, United States District Judge for the Southern District of Florida. (ECF No. 51). A hearing on this matter was held before the undersigned on September 6, 2012. (ECF No. 69). The Court has considered the written and oral arguments, the applicable law, the record, and is otherwise duly advised in the premises.

**Factual Background**

Plaintiff Michael Steven Kober filed this action against Defendant American University of the Carribean N.V., Inc.("AUC"), alleging discrimination based on his disability in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12102(2), and the Rehabilitation Act, 29 U.S.C. § 794(a). Plaintiff alleged that he suffers from learning disabilities which require an accommodation under the ADA. Defendant AUC owned the American University of the Carribean

School of Medicine ("AUCSM"), which Kober attended for two years. After completing the second year of medical school, Kober was required to take the United States Medical Licensing Exam Step 1 Exam that is administered by the National Board of Medical Examiners ("NBME"). Kober advised the NBME that he required an accommodation to sit for the exam, which was denied. Despite a number of attempts, he failed to pass the exam without the accommodation. As a result, Kober took a leave of absence from AUCSM to pursue an action against the NBME. Kober's case against the NBME was dismissed as unripe because the NBME had not made a final determination denying his accommodation request.

During his absence, the AUCSM dropped him from enrollment citing that he was absent without leave. As a result, Kober could not retake the exam because enrollment in medical school is a prerequisite. AUCSM offered Kober conditional readmission contingent upon his passing the exam by a date certain, or he would be dismissed on academic grounds. Kober declined the offer based on his continued efforts to obtain from the NBME an accommodation for his disability.

In the proposed amended complaint, Plaintiff seeks to add as defendants the present owners of AUCSM, Devry Medical International, Inc., and AUC School of Medicine, B.V. ("AUCBV"), as well as the NBME. Plaintiff asserted two counts: Count I for violation of the ADA and injunctive relief against these defendants, and Count II for violation of the Rehabilitation Act against the American University of the Caribbean N.V, Devry Medical International, Inc., and the AUC School of Medicine B.V. Plaintiff seeks the entry of an order requiring Defendants Devry and AUCBV to readmit Plaintiff for a period of one year so that he can obtain accommodations and take the Step 1 exam, as well as requiring the NBME to immediately evaluate and decide on Plaintiff's request for accommodations, and an award of attorney's fees and costs.

This case was originally filed on April 19, 2011, in the Western District of Louisiana. Upon the filing of Defendant's motion to dismiss (ECF No. 17), Plaintiff filed an Amended Complaint (ECF No. 21). Defendant moved to dismiss the Amended Complaint (ECF No. 29), arguing that it failed to state a claim upon which relief could be granted, that damages were speculative, that Plaintiff lacked standing to obtain injunctive relief, that Defendant was not the proper defendant, that the court lacked personal jurisdiction over Defendant, and improper venue. As a result, on April 20, 2012, Plaintiff filed a Motion for Leave to Amend Complaint (ECF No. 37), seeking leave to add as Defendants Devry Medical International, Inc., and the AUC School of Medicine B.V., the present owners of AUCSM. The Louisiana court transferred the case to the Southern District of Florida and left the Motion for Leave to Amend to be addressed by the transferee court. The case was transferred and assigned to Judge Cooke on June 19, 2012 (ECF No. 44, 45), and was referred to the undersigned for pretrial matters on July 3, 2012. (ECF No. 51). .

At a status conference before the undersigned on July 23, 2012, the motion to amend was withdrawn upon agreement of the parties. (ECF No. 59). The undersigned ordered Plaintiff to file an amended motion to amend the complaint. Id. Pursuant to this Court's Order, on August 10, 2012, Plaintiff filed the instant Motion to Amend Complaint. (ECF No. 64).

**Motion to Amend**

In the proposed amended complaint, Plaintiff seeks to join as defendants Devry Medical International, Inc., and the American University of the Caribbean School of Medicine, B.V., as the present owners of AUCSM, as well as the NBME. Defendant AUC objected to a further amendment of the complaint arguing that it would be futile based upon the lack of allegations to support a claim that the conduct complained of by Plaintiff was related to his disability.

Under Federal Rule 15(a), a party may amend its pleading once as a matter of course under certain circumstances or seek leave of court or written consent of the adverse party. Fed. R. Civ. P. 15(a)(1)-(2). "The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." Laurie v. Alabama Court of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001). However, motions for leave to amend are held to a very liberal standard, and leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L.Ed.2d 222 (1962). As such, the court must have a "justifying reason" to deny leave to amend the complaint. Id. at 182. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits." Id. "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive . . . the leave sought should, as the rule requires, be 'freely given.'" Id.

Plaintiff's claim against Defendant AUC is for damages resulting from a violation of the Rehabilitation Act. Defendant AUC opposed the motion to amend arguing that the proposed amended complaint would be futile because it contained no allegations or pled any facts to support a claim that the conduct complained of was related to Plaintiff's disability. Moreover, Defendant AUC argued that Plaintiff had not fixed the defects raised in the previous Motion to Dismiss (ECF No. 29), or the opposition to the previous motion to amend (ECF No. 40), and had failed to add the new owners despite having been notified of the sale of the medical school back in August 2011.

Count II of the proposed Third Amended Complaint alleged a violation of § 504 of the Rehabilitation Act, which provides in pertinent part, "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from

the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). The elements of a claim under the Rehabilitation Act are: "(1) that [Plaintiff] is a 'handicapped individual' under the Act, (2) that [Plaintiff] is 'otherwise qualified' for the [benefit] sought, (3) that [Plaintiff] was [discriminated against] solely by reason of [his] handicap, and (4) that the program or activity in question receives federal financial assistance." Schiavo ex rel. Schindler v. Schiavo, 358 F.Supp.2d 1161, 1165–66 (M.D. Fla. 2005) (quoting Grzan v. Charter Hosp. of Northwest Indiana, 104 F.3d 116, 119 (7th Cir. 1997)).

The undersigned finds that amending the complaint to add the current owners of the medical school and the NBME as defendants is proper. Moreover, under the liberal standard for allowing a pleading amendment, Defendant AUC has not shown that the proposed Amended Complaint is futile. Plaintiff's claim of discriminatory treatment in violation of the Rehabilitation Act appears to be sufficiently pled. The issue of the reason for Plaintiff's termination cannot be resolved within the context of the present motion. However, Defendant may renew its legal arguments in an appropriate pleading.

**Conclusion**

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Amend Complaint (ECF No. 64) is **GRANTED**. Within five (5) days of this Order, Plaintiff must re-file the Third Amended Complaint as a separate pleading.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of September 2012.

_____
**WILLIAM C. TURNOFF**
**United States Magistrate Judge**

cc: Hon. Marcia G. Cooke
   All Counsel of Record