IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **MICHAEL STEVEN KOBER,** § § *Plaintiff*, § § v. § § **AMERICAN UNIVERSITY OF THE CARIBBEAN N.V., INC., DEVRY MEDICAL INTERNATIONAL, INC., AUC SCHOOL OF MEDICINE B.V., and NATIONAL BOARD OF MEDICAL EXAMINERS OF THE UNITED STATES OF AMERICA** § § § § § § § § § § *Defendants*. § § | Case No.: 12-22276 |

## THIRD AMENDED COMPLAINT

Plaintiff, Michael Steven Kober ("Kober"), files his Third Amended Complaint and sues Defendants American University of the Caribbean N.V., Inc., Devry Medical International, Inc., AUC School of Medicine B.V., and the National Board of Medical Examiners of the United States of America, and for a cause of action states as follows:

1. Plaintiff, Michael Steven Kober, has been diagnosed with a learning disability. Kober's learning disability in which he is substantially limited in the everyday life activities of thinking, processing, and reading and thereby qualifies under the definition of disability pursuant to the Americans with Disabilities Act. 42 USC § 12102(2).

2. Defendant, AUC I, is a for-profit, foreign corporation that previously owned and operated American University of the Caribbean – St. Maarten (hereinafter AUCSM). It has its headquarters in Florida, a Florida Corporation, and licensed to and doing business in Miami-Dade County, Florida.

3. Defendants Devry Medical International, Inc., who presently owns and operate AUCSM. Devry is a New York Corporation, licensed to and doing business in Florida.

4. AUC B.V. is a St. Maarten limited liability entity formed as a "Besloten Vennootschap." This is an entity approximately equivalent to an United States Limited Liability Company (LLC). AUC B.V. is a wholly owned St. Maarten subsidiary of DeVry Inc. and presently owns and operate AUCSM.. It is formed under the laws of St. Maarten, with a principal place of business located at #1 University Drive at Jordan Road, Cupecoy, St. Maarten.

5. Defendant National Board of Medical Examiners, Inc. (Hereinafter NBME) is a NBME is a istrict of Columbia not-for-profit organization headquartered in Philadelphia, Pennsylvania NBME administers the USMLE, a three step examination, the successful completion of which is required for medical licensure in the United States. Additionally, one's level of performance on the USMLE is a prominent factor used in the highly competitive candidate selection process by residency training programs. Defendant is a private entity that offers examinations related to applications and credentialing to postsecondary education, professional and trade purposes and as such is subject to the nondiscrimination and reasonable accommodation requirements of the ADA. The NBME administers the USMLE throughout the country, including in Florida and, specifically, the Southern District of Florida.

6. This action arises under the laws of the United States, specifically the ADA and the Rehabilitation Act, and accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

7. Venue is proper in this district under 28 U.S.C. § 1391(c).

8. Kober is an individual with a disability as defined by the ADA because he has a mental impairment that substantially limits one or more of his major life functions, namely, learning disabilities that substantially limit his major life functions of learning, reading, and

writing.  42 U.S.C. § 12102(2)(A). The specific learning disabilities afflicting Kober include Attention-Deficit Hyperactivity Disorder, Anxiety Disorder and Dyslexia.

9. Kober also has a history of a disability, regarded has having a disability, and has consistently been receiving accommodations since college and was even provided testing and classroom accommodations for his disability at AUCSM.

10. In 2008, after successfully completing his second year of medical school, Kober prepared to take the USMLE Step 1 Exam.  In anticipation of the Step 1 Exam, Kober wrote to the NBME requesting additional time to take the exam.  In support of his request, Kober advised the NBME that he was given formal accommodations of extra time on exams by (1) Louisiana State University; (2) the Association of American Medical Colleges (the not-for-profit organization that administers the MCAT); and (3) the American University of the Caribbean School of Medicine.  Kober also advised the NBME that he had been diagnosed with ADHD, an anxiety disorder and dyslexia and enclosed reports done through individualized assessments by medical professionals.

11. Notwithstanding demonstrating the need for an accommodation and a prior record of receiving these accommodations, these requests were not granted, and as a result, Kober had taken the USMLE Step 1 Exam three times (July 2008, February 2009, August 2009) and has been unable to complete the exams in the time allowed.  In fact, of the 336 questions on the test, Kober answered as many as 50 to 70 questions without reading them because he did not have enough time.  Despite this fact, Kober came very close to passing the exam.

12. As a result, Kober was forced to take a leave of absence from AUCSM while he pursued his legal rights under the ADA.  It was during his last leave of absence that AUCSM dismissed Kober from school.

13. Based on the NBME's failure to grant his request, on October 9, 2009, Kober filed suit against the NBME in the United States District Court for the Western District of Louisiana for violating Title III of the ADA (42 U.S.C. § 12189).

14. The NBME moved to dismiss this suit, arguing that because the NBME had not yet made a "final determination" denying his accommodation request that the case was not ripe for judicial review. On June 7, 2010, the Court dismissed Kober's complaint without prejudice, holding that the case was not ripe for decision. The Court specifically noted that Kober would endure no hardship from its decision. The Court reasoned that if Kober registers again for the test and requests accommodations that are granted, then he will not have suffered any injury. If he registers for the test and requests accommodations that are denied, then the Court stated that Kober could seek redress in Court.

15. Pursuant to the Court's decision, Kober attempted to register to take the exam and comply with the requirements of the Court; however, he was informed by NBME that he was no longer enrolled in a medical school and therefore could not register for the test.

16. Shortly after being told that he was no longer enrolled in medical school by NBME, Kober received a letter from AUCSM dated August 15, 2010, which stated that he had been withdrawn from medical school because he was AWOL (absent without official leave) for the May 2010 semester and that he had failed to comply with the conditions of the leaves granted him for the May 2009, September 2009 and January 2010 semesters because he was "required to make an attempt to sit for the USMLE Step 1 exam."

17. Contrary to AUCSM's position, <u>every</u> semester that Kober was absent in order to study for the Step 1 exam or to deal with the NBME on his request for accommodations, KOBER specifically requested that he be granted academic leave.

18. This request for additional leave was a request for a reasonable accommodation due to his disability in order for KOBER to obtain accommodations to take the USMLE Step 1 exam. As AUCSM knew, KOBER was attempting to sit for the exam but could not do so because his request for accommodations had been provided.

19. AUCSM refused to allow Kober to appeal the decision to involuntarily withdraw him, as they claimed that it was not an academic withdrawal, however, they permitted him the opportunity to reapply and re-enroll to AUCSM.

20. On November 3, 2010, AUCSM granted him conditional readmission, only subject to specific conditions, as follows: he was to (1) submit a request for leave for the January 2011 term on or before January 3, 2011; (2) sit for the USMLE Step 1 by March 25, 2011; (3) complete a Step 1 review course; and (4) fax to the school a passing score for the Step 1 exam by April 29, 2011, or be dismissed on academic grounds.

21. KOBER advised AUCSM that he would like to accept the offer, but upon the condition that if the accommodation request by NBME is further delayed or denied, then he can be given the option of pursuing an enforcement action against NBME. KOBER realized that he could not waive his rights to a testing accommodation, but AUCSM refused to allow him the ability to pursue his rights to obtain a testing accommodation to continue on his studies.

22. Based upon his prior experiences with regards to applying and not being provided with appropriate accommodations for his disability by NBME, KOBER has reasonable grounds for believing that he is about to be subjected to discrimination when applying for testing, either by an unreasonable delay in determining the appropriate accommodations or a flat denial of his requested accommodation.

23. Such requirement that KOBER take the Step 1 test without a requested accommodation, is also a denial of a reasonable accommodation, or an eligibility requirement which discriminates against Mr. KOBER as a person with a disability.

24. Kober filed his suit against American University of the Caribbean N.V., on April 19, 2011.  Soon thereafter, American University of the Caribbean N.V., sold AUCSM to Devry Medical International, Inc., AUC School of Medicine B.V.

25. Soon after discovering that Devry Medical International, Inc.,  and AUC School of Medicine B.V. are the new owners and operators of AUCSM, KOBER reapplied to AUCSM and was denied without any comment or reason.

26. National Board of Medical Examiners is the entity which administers the Step 1 exam.  Based on its role in administering the exam, NMBE is a necessary and indispensible party to these proceedings.  Further, the presence of NBME protects the parties from duplicative litigation, inconsistent judicial determinations, or other practical impairment of their legal interests.

27. Kober retained the undersigned law firms to prosecute this action on his behalf and has agreed to pay them a reasonable fee for their services herein.

**Count I -- Violation of ADA and Request for Injunctive Relief against Devry Medical International, Inc., AUC School of Medicine B.V. and the National Board of Medical Examiners**

28. Kober incorporates by reference the paragraphs in paragraphs one through 27, as if restated herein.

29. Devry Medical International, Inc., and AUC School of Medicine B.V. are subject to the ADA as they currently own and operators of AUCSM, an institution offering professional educational training. *See* 42 U.S.C. § 12181

30. KOBER is an individual with a disability as defined by the ADA because he has a mental impairment that substantially limits one or more of his major life functions, namely, learning disabilities that substantially limit his major life functions of learning, reading, and writing. 42 U.S.C. § 12102(2)(A).

31. An educational institution must modify its policies, practices, and procedures to meet the needs of a student with a disability. *See* 42 U.S.C. § 12182(b)(2)(A)(ii). A public accommodation is required to make reasonable modifications in policies, practices, or procedures, when the modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the public accommodation can demonstrate that making the modifications would *fundamentally alter* the nature of the goods, services, facilities, privileges, advantages, or accommodations.

32. At all times material, KOBER was enrolled as a student at AUCSM and accrued two years of credits at AUCSM.

33. American University of the Caribbean N.V., in operating AUCSM, violated the reasonable accommodation provisions of the ADA by failing to allow modification of the rule limiting to three semesters the period to take the Step 1 exam.

34. American University of the Caribbean N.V, in operating AUCSM, violated the reasonable accommodation provisions of the ADA withdrawing KOBER when they had actual knowledge of his need for leave and his attempts to obtain accommodations so he could successfully take and pass the Step 1 exam.

35. American University of the Caribbean N.V, in operating AUCSM, excluded KOBER from readmission.

36. Such exclusion are unlawful eligibility criteria under the Americans with Disabilities Act which prohibits eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered.

37. <u>It is AUCSM's policy to allow graduation of students within *seven* years of matriculating</u>. Despite this stated policy, AUCSM's failure to allow KOBER additional time within this seven years was an unlawful eligibility bar and served no legitimate or pedagogical basis to refuse to allow Mr. Kober additional time to obtain accommodations for the Step 1 test, other than to exclude Mr. KOBER due to his disability from AUCSM.

38. By refusing to provide KOBER a reasonable accommodation by modifying its policies to allow KOBER the opportunity to take the Step 1 exam with accommodations and by withdrawing KOBER from AUCSM, American University of the Caribbean N.V violated the Americans with Disabilities Act.

39. By continuing the policies of American University of the Caribbean N.V, and by refusing to readmit KOBER to AUCSM, Devry Medical International, Inc., and AUC School of Medicine B.V. violated the requirements of the Americans with Disabilities Act.

40. Because of the delay in time, KOBER would like to take a review coarse, and to take the Step 1 exam with 50% additional time before February 13, 2012.

41. American University of the Caribbean N.V, Devry Medical International, Inc., and AUC School of Medicine B.V., do not have any authority or power to approve or deny accommodations to take the Step 1 exam. Only Defendant NBME has authority to do so.

42. Based upon his prior experiences with regards to applying and not being provided with appropriate accommodations for his disability by NBME, KOBER has reasonable grounds for believing that he is about to be subjected to discrimination when applying for testing, either by an unreasonable delay in determining the appropriate accommodations or a flat denial of his requested accommodation.

43. This Court cannot grant full relief in this action and issue an injunction unless NBME was a party under Rule 19, Fed.R.Civ.P. The failure to have NBME in this action would have a probability of defeating any limited relief as granted by this court by the following acts of NBME:

   a. Failing to timely evaluate KOBER's application; or
   b. Unduly requiring additional materials notwithstanding KOBER's detailed history of receiving accommodations from prior educational institutions and testing agencies

44. Unless this Court grants preliminary injunctive relief prohibiting the continued violation of Kober's ADA rights and compelling AUCSM to allow Mr. KOBER to take the test with his required accommodation, Mr. KOBER is irreparably injured. This injury includes the denial of even the hope to be a doctor and the waste of hundreds of thousands of dollars to obtain this dream.

45. AUCSM will not be harmed if the Court grants the requested injunctive relief. Thus, the balancing of harm favors granting the requested injunctive relief.

WHEREFORE, Plaintiff MICHAEL KOBER, respectfully requests this Court require Defendants Devry Medical International, Inc., and AUC School of Medicine B.V. to readmit KOBER for a period of one year so he can obtain accommodations and take the Step 1 exam, as well as require NBME to immediately evaluate and decide on Kober's request for accommodations, and award attorneys' fees and costs, and grant such further relief as this court deems just and equitable.

### Count II – Violation of the Rehabilitation Act

46. Kober incorporates by reference the paragraphs in paragraphs one through 27, as if restated herein.

47. American University of the Caribbean N.V, Devry Medical International, Inc., and AUC School of Medicine B.V., are all recipients of federal financial assistance.

48. KOBER is an individual with a disability as defined by the Rehabilitation Act because he has a mental impairment that substantially limits one or more of his major life functions, namely, learning disabilities that substantially limit his major life functions of learning, reading, and writing.

49. An educational institution must modify its policies, practices, and procedures to meet the needs of a student with a disability. A public accommodation is required to make reasonable modifications in policies, practices, or procedures, when the modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the public accommodation can demonstrate that making the modifications would *fundamentally alter* the nature of the goods, services, facilities, privileges, advantages, or accommodations.

50. At all times material, KOBER was enrolled as a student at AUCSM and accrued two years of credits at AUCSM.

51. American University of the Caribbean N.V., in operating AUCSM, violated the KOBER's rights under the Rehabilitation Act by failing to allow modification of the rule limiting to three semesters the period to take the Step 1 exam.

52. American University of the Caribbean N.V, in operating AUCSM, violated the KOBER's rights under the Rehabilitation Act by withdrawing KOBER when they had actual knowledge of his need for leave and his attempts to obtain accommodations so he could successfully take and pass the Step 1 exam.

53. American University of the Caribbean N.V, in operating AUCSM, excluded KOBER from readmission.

54. Such exclusion are unlawful eligibility criteria under the Rehabilitation Act which prohibits eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered.

55. <u>It is AUCSM's policy to allow graduation of students within *seven* years of matriculating</u>. As such, there is no legitimate or pedagogical basis to refuse to allow Mr. Kober additional time to obtain accommodations for the Step 1 test, other than to exclude Mr. KOBER due to his disability from AUCSM.

56. By refusing to provide KOBER a reasonable accommodation by modifying its policies to allow KOBER the opportunity to take the Step 1 exam with accommodations and by

withdrawing KOBER from AUCSM, American University of the Caribbean N.V violated the Rehabilitation Act.

57. By continuing the policies of American University of the Caribbean N.V, and by refusing to readmit KOBER to AUCSM, Devry Medical International, Inc., and AUC School of Medicine B.V. violated the requirements of the Rehabilitation Act.

58. At all times, American University of the Caribbean N.V, Devry Medical International, Inc., and AUC School of Medicine B.V. had actual knowledge that by failing to accommodate KOBER and by withdrawing and/or refusing to admit KOBER, it was doing so in reckless disregard and indifference to KOBER's rights as a person with a disability.

59. Kober is entitled to and hereby requests an award of compensatory damages, including but not limited to 1) the costs and fees he bore to attend AUCSM; 2) the fair value of Kober's time and effort expended during his attendance at AUCSM; and 3) any other economic losses Kober incurred as a result of his decision to attend AUCSM.

**WHEREFORE**, Plaintiff MICHAEL KOBER, respectfully requests this Court require Defendants Devry Medical International, Inc., and AUC School of Medicine B.V. to readmit KOBER for a period of one year so he can obtain accommodations and take the Step 1 exam, require compensatory damages and attorneys' fees and costs from American University of the Caribbean N.V, Devry Medical International, Inc., and AUC School of Medicine B.V., and grant such further relief as this court deems just and equitable.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 25, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document

is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of electronic filing to **Clinton C. Black, Esq.,** Kitchens Benton et al., 212 Airline Drive, Ste. 200, Bossier City, LA 71111, and **Anna Aurelia Mance, Esq.**, **Hendrik Gerardue Milne, Esq**. and **Renee Rubinstein Tischler, Esq**., Aballi Milne Kalil & Escagedo, 1 S.E. 3rd Avenue, Suite 2250, Miami, Florida 33131.

        LAW OFFICES OF MATTHEW W. DIETZ, P.L.
        2990 Southwest 35th Avenue
        Miami, Florida 33133
        Telephone: (305) 669-2822
        Facsimile: (305) 442-4181
        Email: matthewdietz@usdisabilitylaw.com

        By: s/ Matthew W. Dietz, Esq.
           Matthew W. Dietz, Esq.
           Florida Bar No. 84905

        Robert R. Bell, TSBN 00787062
        MULLIN HOARD & BROWN, LLP
        500 S. Taylor, Ste 800
        P.O. Box 31656
        Amarillo, Texas 79120
        Telephone: (806) 372-5050
        Facsimile: (806) 372-5086
        E-mail: rbell@mhba.com