**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 12-22276-COOKE/TUNROFF

MICHAEL STEVEN KOBER,

Plaintiff,

v.

AMERICAN UNIVERSITY OF THE CARIBBEAN N.V., INC., DEVRY MEDICAL INTERNATIONAL, INC., AUC SCHOOL OF MEDICINE B.V., and NATIONAL BOARD OF MEDICAL EXAMINERS,

Defendant.
______________________________/

**DEFENDANT NATIONAL BOARD OF MEDICAL EXAMINER'S MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF LAW**

Defendant National Board of Medical Examiners ("NBME") respectfully submits this Motion to Dismiss and Supporting Memorandum of Law under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Specifically, dismissal of Plaintiff Michael Steven Kober's Third Amended Complaint (the "Complaint") is warranted because there is no live case or controversy between Mr. Kober and the NBME, thereby depriving the Court of subject matter jurisdiction. If the Court concludes otherwise, Mr. Kober's claim against NBME is time-barred and must be dismissed for failure to state a claim.

## INTRODUCTION

NBME develops and administers the United States Medical Licensing Examination ("USMLE"). The USMLE is a standardized examination that is used as part of the process for licensing physicians in every jurisdiction in the United States.

While the factual basis for his claim against NBME is not entirely clear, Mr. Kober appears to allege that the NBME violated his rights under the Americans with Disabilities Act ("ADA") by denying him testing accommodations on Step 1 of the USMLE examination. *See* Complaint at ¶¶ 10, 11, 15, 42. However, NBME last interacted with Mr. Kober in 2010. He is not registered to take the USMLE Step 1 examination, he has no accommodation request pending with the NBME, and NBME made no final decision on the accommodation request he made in 2009 (his most recent request) because Mr. Kober did not provide sufficient information for NBME to make a decision. Therefore, there is no live case or controversy between NBME and Mr. Kober, and his Complaint against NBME must be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

If a case or controversy is found by virtue of NBME's response to Mr. Kober's request for accommodations in 2009, or his purported effort to register for the USMLE Step 1 examination in 2010, his ADA claim against NBME nonetheless fails because it is barred by the applicable limitations period and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**PROCEDURAL HISTORY**

This is the second time that Mr. Kober has sued NBME in connection with the events described in his Complaint. He first sued NBME in 2009 in federal court in Louisiana. That complaint was dismissed by the Honorable Judge Thomas Stagg, based upon the absence of any justiciable case or controversy. *See Kober v. Nat'l Bd. of Medical Examiners*, 2010 U.S. Dist. LEXIS 56275 (W.D. La. 2010)(attached hereto as Ex. 1).

Judge Stagg relied upon the following undisputed facts in dismissing Mr. Kober's lawsuit against NBME: (1) Mr. Kober was not registered to take the Step 1 exam; (2) Mr. Kober had no accommodation request pending with the NBME; (3) when Mr. Kober had previously requested accommodations, NBME informed him that his documentation was insufficient and asked him to

submit additional information so that NBME could make an informed decision; (4) Mr. Kober never submitted the requested information; and (5) as a result, NBME did not make a substantive decision on his request. *See* Declaration of Catherine Farmer ("Farmer Decl.") at ¶¶ 13-18, attached hereto as Ex. 2. Relying upon these facts – all of which remain true today – Judge Stagg concluded that there was no decision by the NBME for the court to review. *See* 2010 U.S. Dist. LEXIS at **4-7 ("Kober's claim is not fit for review because it turns on hypothetical, contingent events, since the NBME has not denied his request for special testing accommodations and Kober currently has no request pending before the NBME.... It was Kober's burden to prove that this Court has subject matter jurisdiction over his claims. Kober has not met his burden.")(citations omitted).

Mr. Kober did not appeal Judge Stagg's dismissal of his complaint. Instead, more than ten months later, he chose to file a new lawsuit in Louisiana and named the American University of the Caribbean N.V. ("AUC") as the sole defendant. *See* D.E. 1.[1]

AUC moved to dismiss Mr. Kober's complaint for lack of personal jurisdiction and improper venue. The Louisiana court agreed that it lacked personal jurisdiction but transferred the case to this Court rather than dismissing it. *See* D.E. 42 (Magistrate's Report and Recommendations), *and* D.E. 43 (Order Adopting Magistrate's Report and Recommendations). The case was docketed in this Court on June 19, 2012. *See* D.E. 44.

On September 20, 2012, Mr. Kober filed an amended complaint which added NBME and two other entities as defendants, Devry Medical International, Inc., and AUC School of Medicine B.V. *See* D.E. 71, 73. The amended complaint asserts that NBME violated Mr. Kober's rights

[1] All references to "D.E." are to the docket entries in this case. The docket includes filings made in Louisiana, before the case was transferred to this Court, as well as the filings made in this Court.

under the ADA and seeks an injunction requiring "NBME to immediately evaluate and decide on Kober's request for accommodations." Complaint, p. 10.

NBME now moves to dismiss Mr. Kober's Third Amended Complaint.

## STATEMENT OF FACTS

### I. NBME And The United States Medical Licensing Examination

NBME is a not-for-profit organization whose mission is to help protect the public through the development of examinations that assess the knowledge and skills of prospective health professionals. Farmer Decl. ¶¶ 2, 5 (Ex. 2 hereto). Together with the Federation of State Medical Boards of the United States, another non-profit organization, NBME has established the USMLE program. *Id.* at ¶ 2.

The USMLE is designed to assess a physician's ability to apply knowledge, concepts, and principles -- and to demonstrate fundamental patient-centered skills -- that constitute the basis of safe and effective patient care. *Id.* at ¶ 4. State medical boards rely upon the successful completion of the USMLE exams as an important component of their process for licensing physicians to practice medicine in their states. *Id.*

The USMLE has three components, or "Steps." *Id.* at ¶ 6. The USMLE Step 1 examination is the exam that is relevant in this case. The Step 1 examination consists of approximately 350 multiple-choice questions which assess whether the examinee understands and can apply important concepts of the sciences basic to the practice of medicine, with special emphasis on principles and mechanisms underlying health, disease, and modes of therapy. *Id.* To protect the reliability and comparability of the resulting scores, there is a standardized set of test administration conditions, such as the amount of testing time, the number of breaks, and other core testing conditions. *Id.* at ¶ 5.

**II. The ADA's Applicability To Testing Organizations**

Under Title III of the ADA, any private entity "that offers examinations ... related to applications, licensing, certification, or credentialing for secondary or post-secondary education, professional, or trade purposes shall offer such examinations ... in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals." 42 U.S.C. § 12189. This provision applies with respect to the USMLE.

The ADA applies to individuals with a covered disability. "Disability" is defined as having "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). Thus, having a diagnosed impairment is not the same thing as being "disabled" within the meaning of the ADA.

Many individuals who take standardized exams request testing accommodations under the ADA. Relatively speaking, accommodation requests involving physical impairments have not been difficult to evaluate or particularly controversial. But most testing accommodation requests are not based upon physical impairments. Instead, as here, they are based upon claimed mental impairments, such as Attention Deficit/Hyperactivity Disorder ("ADHD") and learning disabilities ("LDs"). It is generally more difficult to confirm the existence of such impairments and to evaluate the resulting functional limitations than it is when dealing with physical impairments.

Additional testing time is the most frequently requested accommodation on standardized tests. It is also a benefit that almost every examinee -- with or without disability -- would like to have, in the belief that it will lead to a higher score. *See Love v. Law School Admission Council,* 513 F. Supp. 2d 206, 216 n.7 (E.D. Pa. 2007) ("the research indicates that if you give someone extra testing time on a timed test like the GMAT or the LSAT, their score will improve whether they have a learning disability or not").

Research has shown that scores from nonstandard administrations of standardized tests often do not have the same meaning as scores from a standard administration. Accommodations can thus undermine the very purpose of a "standardized" examination. This raises fairness issues for individuals who test without accommodations, and for the many entities that rely upon test scores as reliable indicators of an individual's achievement, competency, or aptitude.[2] In the context of licensure and certification tests, the inappropriate provision of extra testing time or other accommodations could also affect the general public. "Diploma tests and licensure tests are designed to protect the public from those who have not mastered minimum skills." S.E. Phillips, "High Stakes Testing Accommodations: Validity Versus Disabled Rights," *Applied Measurement in Education*, 7(2), 93-120 at 98 (1994).

## III. NBME's Testing Accommodation Policies

NBME has a set of written policies which explain to prospective examinees what documentation should be provided in support of a request for testing accommodations. NBME's *Guidelines to Request Test Accommodations* are available on the USMLE website, www.USMLE.org. The documentation should establish the existence of a qualifying disability and the need for accommodation. Farmer Decl. ¶ 7.[3]

---

[2] *See, e.g.*, *Murray v. Educational Testing Serv.*, 170 F.3d 514, 517 (5th Cir. 1999) ("ETS provides a valuable service to colleges and universities by providing a standardized measure of students' ability. Accordingly, ETS has an obligation to provide, or use its best efforts to provide, only valid scores to the colleges and universities that rely on ETS's services. Moreover, ETS has a right to protect its own reputation by assuring the reliability of the information it provides. Finally, 'the other test-takers are entitled to assurance that no examinee enjoys an unfair advantage in scoring.'") (citations omitted).

[3] *Cf.* U.S. Dep't of Justice, "Manual and Procedures for Providing Reasonable Accommodation," at 3 (Oct. 2002) (explaining the documentation policies that federal agencies may use when accommodations are requested by applicants or employees: "The components are entitled to know that an employee or applicant has a disability that requires a reasonable accommodation. In some cases the disability and need for accommodation will be obvious or otherwise already known to the decision maker.... However, when a disability and/or need for reasonable accommodation is not obvious or otherwise already known to the decision maker, the component may require that the individual provide reasonable documentation about the disability and functional limitations. The agency has a right to request supplemental medical

NBME's "procedures are designed to ensure that individuals with *bona fide* disabilities receive accommodations, and that those without disabilities do not receive accommodations that they are not entitled to, and which could provide them with an unfair advantage when taking the medical licensing examination. As administrator of the national exam used by a number of states for licensing medical doctors, the National Board has a duty to ensure that its examination is fairly administered to all those taking it." *Powell v. Nat'l Bd. of Medical Examiners*, 364 F.3d 79, 88-89 (2d Cir. 2004).

## IV. Mr. Kober's Requests For Testing Accommodations On The USMLE

Mr. Kober alleges that he has "Attention-Deficit Hyperactivity Disorder, Anxiety Disorder and Dyslexia." Complaint ¶ 8. He further alleges that, under the ADA, these claimed impairments entitle him to additional testing time and other accommodations on the Step 1 exam. *Id.* at ¶¶ 10, 11.

Mr. Kober is not currently registered to take the USMLE Step 1 examination, however, and there is no request for accommodations by Mr. Kober pending for decision by NBME. Farmer Decl. ¶ 22. He has requested accommodations previously, but he has never had a request for accommodations denied on its merits by NBME.

Mr. Kober first requested accommodations on the Step 1 exam in June 2008. *Id.* at ¶ 9; Complaint ¶ 10. NBME informed him that it needed additional information to evaluate his request. Farmer Decl. ¶ 10. Rather than provide any of the additional information, Mr. Kober withdrew his request for test accommodations. *Id.* at ¶ 11. He subsequently elected to take the Step 1 exam without test accommodations. *Id.* ¶ 12. He took the Step 1 exam three times

information if the information submitted does not clearly explain the nature of the disability or the need for the reasonable accommodation, or does not otherwise clarify how the requested accommodation will assist the employee to perform the essential functions of the job.").

without accommodations and did not obtain a passing score on any of these attempts (August 2008, December 2009 and March 2009). *Id.*

In April 2009, Mr. Kober again registered to take the Step 1 exam. He was given a three-month eligibility period for testing of June 1 through August 31, 2009. *Id.* at ¶ 13. On June 3, 2009, NBME received a cover letter and various documents from Mr. Kober in support of a renewed request for test accommodations. *Id.* at ¶ 14. On June 19, 2009, NBME received an Applicant's Request for Testing Accommodations from Mr. Kober, seeking 50% extra testing time and a distraction-free testing environment. *Id.* at ¶ 15. In a letter dated June 24, 2009, NBME notified Mr. Kober that the documentation he submitted was insufficient for NBME to make an informed decision and again encouraged him to provide additional documentation that might support his request. *Id.* at ¶ 16.

Mr. Kober did not provide any supplemental documentation. Instead, his attorney sent a letter asking NBME to "reconsider" its decision. *Id.* at ¶ 17. NBME responded promptly in a letter dated July 30, 2009. *Id.* NBME informed Mr. Kober's attorney that no final decision had been made on Mr. Kober's accommodation request, and that NBME was awaiting a response from Mr. Kober to NBME's June 24, 2009 letter. *Id.* NBME asked that Mr. Kober either submit the additional information that NBME had requested or let NBME know that no additional information was forthcoming, so that NBME could make a final decision on his request. *Id.*

NBME did not receive a timely response to its July 30th letter, from Mr. Kober or his attorney. *Id.* at ¶ 18. As a result, NBME never submitted Mr. Kober's request to an independent external reviewer, as it routinely does when a file is ready for review, *id.* at ¶ 7, and it never made a final decision on Mr. Kober's June 2009 request for testing accommodations, *id.* at ¶ 18. Mr. Kober's three-month registration period to take the Step 1 exam expired on August 31, 2009,

and he has not re-registered since that time. *Id.* at ¶ 22. He has no accommodation request pending with the NBME. *Id.*

According to NBME's records, the last communication between NBME's Disability Services department and Mr. Kober occurred in September 2010. *See* Farmer Decl. ¶¶ 19-21. NBME sent a letter to Mr. Kober's attorney on September 2, 2010, forwarding an August 3, 2010 letter to Mr. Kober that had been returned to NBME by the U.S. Postal Service as undeliverable. *Id.* NBME's August 2010 letter reminded Mr. Kober that his Step 1 eligibility had expired August 31, 2009; advised him to re-register; and informed him that NBME would review any request for accommodations as soon as registered for the Step 1 examination and submitted a completed Applicant's Request for Testing Accommodations form. *Id.* at ¶¶ 20-21.[4]

## ARGUMENT

### I. The Court Lacks Subject Matter Jurisdiction Over Mr. Kober's Claim Against The NBME

On a motion to dismiss under Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). And because subject matter jurisdiction focuses on the court's power to hear a claim, courts must give the plaintiff's factual allegations close scrutiny when resolving a Rule 12(b)(1) motion. In performing this review, the court is not limited to the allegations in the complaint and may consider materials outside the pleadings, including declarations. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *Carmichael v. United Technologies Corp.*, 835 F.2d 109, 114 n.7 (5th Cir. 1988).

---

[4] The most recent communication between NBME and Mr. Kober that is alleged in Mr. Kober's Complaint occurred earlier in 2010. According to the Complaint, Mr. Kober "attempted to register to take the [Step 1] exam" at some point between June 7, 2010 and August 15, 2010, but was "informed by NBME that he was no longer enrolled in medical school and therefore could not register for the test." *See* Complaint at ¶¶ 14 – 16. NBME does not believe this allegation is accurate, but accepts the truth of the allegation solely for purposes of this motion to dismiss.

Article III of the United States Constitution confines the jurisdiction of federal courts to "cases" and "controversies." U.S. CONST. art. III, § 2. To give meaning to the "case or controversy" requirement, federal courts have developed various justiciability doctrines, one of which is the ripeness doctrine. *See United Transp. Union v. Foster,* 205 F.3d 851, 857 (5th Cir. 2000). If a case is not ripe, a court lacks subject matter jurisdiction.

The ripeness doctrine asks "whether the case has been brought at a point so early that it is not yet clear whether a real dispute … exists between the parties." 15 Moore's Fed. Prac. § 101. 70[2] (3d ed. 1997). "Ripeness separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for judicial review." *United Trans. Union,* 205 F.3d at 857. If a claim rests upon future events that may not occur as anticipated, or may not occur at all, it is not ripe for adjudication. *Auerbach v. Bd. of Educ.*, 136 F.3d 104, 108-09 (2d. Cir. 1998).

A plaintiff bears the burden of establishing ripeness under Article III. *See FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 231 (1990). Mr. Kober cannot satisfy that burden. NBME never made a decision on his 2009 accommodation request, his most recent registration to take the USMLE Step 1 exam expired in late 2009, he is not currently registered to take the exam, and he has no accommodation request pending with the NBME. *See generally* Farmer Decl. at ¶¶ 7-17 (Ex. 2 hereto). His ADA claim against NBME, and his corresponding request for an injunction that "require[s] NBME to immediately evaluate and decide on Kober's request for accommodations," are therefore premature. *See, e.g., Kastner v. Texas Bd. of Law Examiners*, 278 Fed. Appx. 346, 348-49, 2008 U.S. App. LEXIS 10416 (5th Cir. 2008) (affirming dismissal of claims asserted by bar applicant: "[T]he hearing scheduled by the [Board of Law Examiners] has not been conducted and the BLE has not yet made a final determination as to his application for admission. Because Kastner has not yet been denied admission to the bar, his claims are merely

hypothetical, and our review is barred by the ripeness doctrine."); *Blanks v. Register*, 493 F.2d 697, 699-700 (4th Cir. 1974) (affirming dismissal of a job applicant's discrimination claim, where the claim was asserted before the defendant Board "had acted in making any appointment.... The case was premature and therefore not ripe for determination.").

The applicable facts have not changed since Judge Stagg dismissed Mr. Kober's initial lawsuit against NBME for lack of subject matter jurisdiction. Mr. Kober is not registered to take the Step 1 examination and has no accommodation request pending with the NBME. Therefore, as before, Mr. Kober's claims against NBME are not ripe for judicial adjudication. His Third Amended Complaint must therefore be dismissed insofar as it is directed at NBME. Indeed, he is barred by the doctrine of collateral estoppel from re-litigating the jurisdictional issue. *See North Georgia Elec. Membership Corp. v. City of Calhoun,* 989 F.2d 429, 432-33 (11th Cir. 1993)("'Although the dismissal of a complaint for lack of jurisdiction does not adjudicate the merits so as to make the case res judicata on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims.'")(citation omitted); *Richards v. Sen,* 825 F. Supp. 2d 1259, 1262-63 (S.D. Fla. 2010)(noting that "[c]ollateral estoppels bars the re-litigation of jurisdictional questions," and dismissing the plaintiff's latest lawsuit on that basis).

## II. Even If Subject Matter Jurisdiction Were Found To Exist, Mr. Kober's ADA Claim Against The NBME Would Have To Be Dismissed As Untimely

The ADA does not contain its own statute of limitations. Instead, courts borrow "the most analogous state statute of limitations." *Everett v. Cobb County Sch. Dist.,* 138 F.3d 1407, 1409 (11th Cir. 1998).

Here, NBME's interactions with Mr. Kober have all centered in Louisiana. He resided in Louisiana when he requested accommodations from NBME. Farmer Decl. ¶¶ 9, 13. He has

taken the USMLE Step 1 examination three times without accommodations, each time at a testing center in Louisiana. *Id.* at ¶ 12. To the best of NBME's knowledge, he continues to reside in Louisiana. Louisiana law thus provides the limitations period that is applicable to Mr. Kober's ADA claim against the NBME.

Federal courts in Louisiana have "concluded that claims arising from the ADA ... have the one-year prescription period" provided for under Louisiana's state tort law. *Boyle v. Greenstein,* 2012 U.S. Dist. LEXIS 73670, *7 (E.D. La. 2012)(citations omitted). A claim "accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir. 1992); *see also Everett v. Cobb County,* 138 F.3d at 1410 ("Claims of discrimination accrue when the plaintiff is informed of the discriminatory act.").

Mr. Kober's Complaint identifies only two actions by NBME: NBME's response to Mr. Kober's last accommodation request, which occurred in 2009, and NBME's purported refusal to allow Mr. Kober to register for the USMLE Step 1 exam, which he says occurred in 2010, *see* Complaint ¶¶ 10-16. Neither action, however, can support a timely ADA claim against NBME because both occurred more than two years prior to the date on which he filed his Complaint against NBME in this action. His claim against NBME is thus barred by the applicable one-year limitations period and must be dismissed even if the Court concludes that it has subject matter jurisdiction over that claim.

## CONCLUSION

Mr. Kober's Complaint against NBME should be dismissed.

Respectfully submitted,

RIVERO MESTRE LLP

2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505
E-mail: jmestre@riveromestre.com

By: /s/ Jorge A. Mestre
JORGE A. MESTRE
Florida Bar No. 88145
Kadian Blanson
Florida Bar No. 0098880

Robert A. Burgoyne
D.C. Bar No. 366757
(Application for leave to appear pro hac vice forthcoming)
FULBRIGHT & JAWORSKI L.L.P.
801 Pennsylvania Avenue, N.W.
Washington, DC 20004-2623
Telephone: (202) 662-0200
E-mail: rburgoyne@fulbright.com

*Attorneys for National Board of Medical Examiners*