# EXHIBIT "2"

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MICHAEL STEVEN KOBER,     )
     )
     )
    Plaintiff,     )
     )
    v.     )    No. 12--22276-Civ-COOKE/Turnoff
     )
     )
AMERICAN UNIVERSITY OF THE     )
CARRIBBEAN N.V., INC., et. al;     )
     )
    Defendants.     )
     )

## DECLARATION OF CATHERINE FARMER, PSY.D.

Catherine Farmer hereby deposes and states:

1.    I am employed by the National Board of Medical Examiners ("NBME") as Director, Disability Services and ADA Compliance Officer, Testing Programs. As Director, my duties include, among other things, operational responsibility for the office that receives and processes requests for test accommodations for the United States Medical Licensing Examination™ ("USMLE"). I am responsible for making decisions and recommendations whether to approve such requests. If the requests are granted, I also make decisions concerning the accommodation(s) to be provided.

2.    The NBME is a private non-profit corporation which, together with the Federation of State Medical Boards of the United States, Inc. ("FSMB"), another non-profit corporation, has established the USMLE.

3.    The NBME is a District of Columbia corporation with its principal place of business located at 3750 Market Street, Philadelphia, PA.

- 1 -

4.    The USMLE is an examination designed to assess a physician's ability to apply knowledge, concepts, and principles, and to demonstrate fundamental patient-centered skills, that are important in health and disease and that constitute the basis of safe and effective patient care. Each state's medical licensing authority sets its own rules and regulations for those seeking a license to practice in that jurisdiction.  Results of the USMLE are reported to these authorities for use in evaluating applicants seeking an initial license to practice medicine.  The USMLE provides them with a common evaluation system for these applicants.  The goals of the USMLE are (i) to provide to licensing authorities meaningful information from assessments of medical knowledge and skills that are important to the provision of safe and effective patient care; and (ii) to assure fairness and equity to applicants through the highest professional testing standards.

5.    The mission of the NBME is to protect the health of the public by providing a common, consistent, state-of-the-art system of assessment for health professionals.  Maintaining the integrity of the testing process is a critical part of the NBME's obligation to protect the public safety.   In order to protect the integrity and meaning of the scores, the USMLE is administered under standard conditions, and NBME has policies and procedures in place that are intended to ensure that no examinee or group of examinees receives unfair advantage on the examination.

6.    There are three phases of the USMLE exam, consisting of four examinations known as "Steps."  The Step 1 and Step 2 Clinical Knowledge (CK) portions of USMLE are computer-based multiple choice examinations administered  year round at locations nationwide and internationally.  The Step 2 Clinical Skills (CS) exam is administered year round at five centers across the United States.  The Step 3 portion of USMLE is a computer- based multiple choice examination administered year round at testing locations nationwide.

7.     The NBME's Office of Disability Services is responsible for implementing the USMLE's policy of providing test accommodations to individuals with recognized disabilities under the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008 ("ADA").  Applicants are informed in the USMLE Bulletin of Information (BOI) published at www.usmle.org that individuals with disabilities may request test accommodations by submitting an Applicant's Request for Test Accommodations form and supporting documentation at the same time that they submit their online application to take USMLE. Upon receipt and internal review of an examinee's request for test accommodations and submission of sufficient supporting documentation with which to make an informed decision, NBME consults when appropriate with outside experts with expertise in the assessment, diagnosis, treatment and accommodation of the claimed disability to assist in determining whether the applicant's submission documents that she or he has a substantial limitation in a major life activity and, if so, what test accommodations are appropriate.

8.     While the NBME grants reasonable test accommodations to examinees with disabilities as defined by the ADA, the NBME denies any request for test accommodations that include modifications in the standard conditions of test administration when the applicant has not provided documentation which establishes the existence of a condition or impairment that rises to the level of a disability as defined by the ADA.

9.     On June 3, 2008, NBME received from Michael Steven Kober ("Mr. Kober"), a student at the American University of the Caribbean School of Medicine, a request for the test accommodations of time and one-half the standard testing time and a distraction reduced environment on Step 1 on the basis of an alleged Attention Deficit Hyperactivity Disorder ("ADHD") and reading disability.  On his request form, Mr. Kober provided his address as 241

Pennsylvania Ave., Shreveport, Louisiana. The NBME reviewed Mr. Kober's request and his attached documentation pursuant to its routine process for reviewing requests for test accommodations. The preliminary review revealed that Mr. Kober's submission contained insufficient information for NBME to make a decision regarding his request for test accommodations.

10.     On July 16, 2008, NBME sent Mr. Kober a letter informing him that his submission was incomplete and NBME needed additional information in order to evaluate his request for accommodations. Because Mr. Kober requested test accommodations on the basis of a reading disorder and ADHD, two neurodevelopmental disorders that characteristically cause noticeable impairment beginning in childhood, NBME asked Mr. Kober to provide records that are relevant to whether he has a history of impairment that disrupted his early learning, academic, social, vocational, or daily adaptive functioning, such as grade reports and transcripts, standardized test results, or reports from his teachers, tutors or past treatment providers describing the nature of his alleged reading, learning, attention, and concentration problems. In addition, NBME requested more current documentation of his alleged impairments, so that NBME could evaluate the extent to which Mr. Kober currently meets diagnostic criteria for ADHD and/or a reading disability, and whether his claimed impairment substantially limits his ability to perform any major life activities. A copy of this letter is attached as Exhibit A.

11.     On or about July 22, 2008, Mr. Kober notified NBME of his intent to withdraw his request for test accommodations. By a letter dated July 24, 2008, the NBME acknowledged Mr. Kober's request and informed him that his request for test accommodations was not denied but closed at his request, and he could submit a future request for test accommodations if he desired.

12.     Mr. Kober subsequently took and failed to achieve a passing score on Step 1 of USMLE on three separate occasions:  August 9, 2008, December 11, 2008 and March 16, 2009. Each of these examinations was administered in Bossier City, Louisiana.

13.     On April 4, 2009 and April 20, 2009, Mr. Kober called NBME to inquire about again requesting test accommodations for Step 1.  He was advised to review the July 16, 2008 letter from NBME and informed that he should begin the process by registering for the exam and submitting the four-page Applicant's Request form and a personal statement.  On April 22, 2009, Mr. Kober registered to take Step 1 within the three-month eligibility period of June 1 to August 31, 2009, and he indicated his intention to request test accommodations.  On his exam application, Mr. Kober listed his current address as 241 Pennsylvania Ave, Shreveport, Louisiana, 71105.

14.     On June 3, 2009, NBME received various documents and a cover letter from Mr. Kober in support of his request for test accommodations.

15.     On June 19, 2009, NBME received an Applicant's Request for Test Accommodations from Mr. Kober requesting time and one-half and a distraction-free environment on Step 1 on the basis of an alleged Attention Deficit Hyperactivity Disorder ("ADHD") and an alleged reading disability.  On his request form, Mr. Kober listed his address as 241 Pennsylvania Ave, Shreveport, Louisiana, 71105.  Disability Services has no record of ever receiving a Florida address for the purpose of communicating with Mr. Kober.

16.     By a letter dated June 24, 2009, the NBME advised Mr. Kober that a preliminary review of his June 2009 request and documentation revealed that his submission was insufficient for NBME to make an informed decision regarding his request for test accommodations.  The NBME asked him to submit additional documentation to demonstrate and confirm the functional

impact of his reported difficulties, such as post-secondary school academic transcripts, scores from standardized admissions tests (*e.g.*, SAT, GRE, MCAT) and verification of accommodations granted for such tests, job performance evaluations, formal medical school faculty or supervisor feedback, clerkship evaluations, or recent diagnostic or treatment summaries from treatment providers. A copy of NBME's June 24 letter is attached as Exhibit B.

17.     Mr. Kober did not provide supplemental documentation. Instead, on July 29, 2009, the NBME received a letter from Mr. Kober's counsel, Vincent E. Nowak, asking that the NBME "reconsider" its decision concerning Mr. Kober's request for test accommodations. By a letter dated July 30, 2009, the NBME acknowledged receipt of Mr. Nowak's letter and informed him that no final decision had been made regarding Mr. Kober's request. The NBME also informed Mr. Nowak that it was currently awaiting a response from Mr. Kober to its June 24, 2009 letter and asked that Mr. Kober either submit the additional information requested or confirm that he did not intend to do so, so that the NBME could complete its review and render a final decision. Copies of Mr. Nowak's letter to NBME and the NBME's response are attached as Exhibits C and D, respectively.

18.     During his active Step 1 eligibility period, the NBME received no response from Mr. Kober or Mr. Nowak to its July 30, 2009 request for supplemental documentation or confirmation that no such documentation was going to be provided. Therefore, NBME made no final decision on Mr. Kober's 2009 request for accommodations on the USMLE Step 1 examination.

19.     On July 27, 2010, NBME received a letter from Mr. Kober's counsel, Robert Bell, stating that Mr. Kober was presently registered to take Step 1 and that he would not be

submitting any additional information for review.  Mr. Bell requested that the NBME make a final determination with regard to Mr. Kober's request for accommodations.

20.   By a letter dated August 3, 2010 sent by certified mail to Mr. Kober and Mr. Bell, NBME informed Mr. Kober that his Step 1 eligibility had expired on August 31, 2009 and he was not currently registered for any Step examination.  He was advised to contact his registering entity and informed that we would review his request for accommodations as soon as he was registered for a Step examination and had submitted a completed Applicant's Request for Test Accommodations form.

21.   By a letter dated September 2, 2010, NBME informed Mr. Bell, that our August 3, 2010 letter to his client, Mr. Kober, had been returned to NBME by the U.S. Postal Service as unclaimed.  NBME requested that Mr. Bell forward our letter to Mr. Kober.  Copies of Mr. Bell's letter to NBME and the NBME's responses are attached as Exhibits E, F and G, respectively.

22. To date, Mr. Kober has not re-registered, and he is not currently registered to take the Step 1 exam.  Likewise, he has no accommodation request pending with the NBME.


I declare under penalty of perjury that the foregoing is true and correct.  Executed on November ___8___, 2012.

                                        _Catherine Farmer_____
                                        Catherine Farmer, Psy.D.

# Exhibit A

National Board of Medical Examiners®
3750 Market Street
Philadelphia, PA 19104-3102
215.590.9500                            -Confidential-

July 16, 2008

Michael Steven Kober
241 Pennsylvania Ave
Shreveport, LA 71105

RE: USMLE Step I
                                    USMLE ID#: 0-755-740-8

Dear Mr. Kober:

We have conducted a preliminary review of your request for test accommodations for the United States Medical Licensing Examination (USMLE) Step I. However, the information you submitted is incomplete and we are therefore unable to make an informed decision about your request at this time.

According to your request for accommodations, you report the nature of your disability to be Attention-Deficit/Hyperactivity Disorder (ADHD) diagnosed in 2000 and Reading Disorder diagnosed in 2003.

Received with your request was a March 13, 2000 "Consult Note" in which David S. Post, Ph.D. reports, *"Mike's WAIS-III scores fall at about the 50th percentile, with no significant subtest variation. His Achievement scores are consistent with his WAIS-III scores, revealing no problems in the areas of Broad Reading, Broad Math, and mild problems with Broad Written Language. His cognitive abilities scores reveal no problems with Auditory Processing or Visual Processing."* Dr. Post assigns you the diagnosis of ADD, Inattentive Type and Anxiety Disorder NOS.  No objective data or clinical discussion were provided to support an anxiety diagnosis.

Also provided for our review was a single page dated August 27, 2003 and labeled "Neuropsychological Evaluation" in which Dr. Post reports, *"Michael is diagnosed with ADHD and with mild dyslexia characterized by a tendency to misread words, insert words, or omit words, thereby changing the meaning of the sentence."* A comprehensive report and score data were not provided.  Thus, it is unclear what information and diagnostic criteria were used by your evaluator.  Moreover, in 2000, you reportedly earned average range academic achievement scores, commensurate with your measured intellectual abilities and not suggestive of reading impairment. Dr. Post did not assign you a diagnosis of Reading Disorder or Dyslexia at that time.

The most recent documentation provided was a May 13, 2008 letter from P. Keith Nabours, M.D., in which he reports, *"In addition to Mr. Kober, I interviewed his mother and reviewed the results of psychological testing provided by David Post, Ph.D. It is my impression that Mr. Kober meets the diagnostic criteria for a diagnosis under DSM-4 of 314.00 ADHD, predominantly Inattentive Type. He also has symptoms of an anxiety disorder not otherwise specified and dyslexia."*

Disorders of learning, attention, and/or behavioral control of sufficient severity to substantially compromise reading, learning, or other functional abilities are generally recognized as being developmental in nature.  Thus, it is expected that chronic and pervasive difficulties will emerge during childhood.  It must be documented beyond self-report that such symptoms have consistently and pervasively disrupted your learning throughout your development and/or disrupted academic, social, vocational, or daily adaptive functioning.

The documentation you have provided to date is not sufficient to demonstrate that you are currently substantially limited in one or more major life activities. If you wish for us to process your request for accommodations, you must submit documentation to show the extent to which you currently meet the diagnostic criteria as detailed in the *DSM-IV-TR* and that you are substantially limited in one or more major life activities. For example, you should provide objective records validating a history of impairment, such as grade reports and transcripts, results from all standardized tests taken in childhood (e.g., California/Iowa Achievement Tests, ISEE, etc), contemporaneous reports from teachers, tutors or other past treatment providers describing the nature of your academic, attention, and impulsivity problems, as well as any other records that would show how your functioning was significantly impaired during your developmental years.

In addition, you should provide objective records to document the chronic course and current impact of your reported difficulties, such as college, medical school, and other post-secondary records and transcripts and scores for all nationally standardized tests taken (such as the PSAT, SAT, ACT, GRE, MCAT, etc.). Other sources of information to document substantial impairment in one or more major life activities may include job performance evaluations, formal medical school faculty/supervisor feedback, or other sources to document what you can and cannot do on a regular and continuing basis.

The USMLE Guidelines for Test Accommodations at www.usmle.org for a detailed description of how to document a need for accommodation and discuss this information with your evaluators to assist you in compiling complete and comprehensive documentation. This information will assist us in determining whether you are a covered individual as defined by the Americans with Disabilities Act (ADA) and if so, what accommodations are appropriate.

We will release the hold on your scheduling permit at this time. You may schedule your examination and test under standard conditions or you may provide additional documentation as outlined above for our review.

If you choose to provide additional documentation, send it by mail to Disability Services, 3750 Market St. Philadelphia, PA 19104. Alternatively, you may fax documents to 215-590-9422 and call 215-590-9700 to verify receipt. Please do not send bound or tabbed materials, or duplicate copies of documentation already submitted as these will delay processing of your request. You are responsible for monitoring your registration status and examination eligibility. We must receive sufficient additional documentation to process your request prior to the expiration of your eligibility period.

If we do not receive additional documentation from you, or if you test under standard conditions, your request for test accommodations will be cancelled. If you do not plan to submit additional documentation and would like test under standard conditions, please contact your case coordinator, Maria L. Fuentes, at 215-590-9700.

Sincerely,

Catherine Farmer, PsyD
Manager, Disability Services
ADA Compliance Officer, Testing Programs

# Exhibit B

**NBME**

National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104-3102

215-590-9500 phone
www.nbme.org

-Confidential-

June 24, 2009

Michael Steven Kober
241 Pennsylvania Ave.
Shreveport, LA 71105

RE: USMLE Step 1                          USMLE ID#: 0-755-740-8

Dear Mr. Kober:

We have conducted a preliminary review of your request for test accommodations for the United States Medical Licensing Examination (USMLE) Step 1. However, the information you submitted is incomplete and we are therefore unable to make an informed decision about your request at this time.

According to your request form, you report being diagnosed with Attention-Deficit Hyperactivity Disorder (ADHD) in 2000 and a Reading Disability in 6/2003. To date, we have not received any documentation of an evaluation from June 2003 reflecting a *Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition* (DSM-IV) diagnosis of Reading Disorder. As stated in a July 16, 2008 letter to you from Catherine Farmer, Psy.D. at the NBME, we have on file a one-page document titled "Neuropsychological Evaluation," from 8/27/03, by David S. Post, Ph.D., in which Dr. Post states, *"Michael is diagnosed with ADHD and with mild dyslexia characterized by a tendency to misread words, insert words, or omit words, thereby changing the meaning of the sentence."* However, it remains unclear what information or diagnostic criteria were used by your evaluator, particularly because Dr. Post did not assign you a diagnosis of Reading Disorder or Dyslexia in his Consult Note dated 3/13/00, or in any of his "Statements," dated 2/12/02, 4/15/03, and 4/25/03. Although we received the May 2009 Psychological Summary by Patricia D. Post, Ph.D. reflecting the administration of the Nelson-Denny Reading Test (NDRT), it was noted that your obtained NDRT Vocabulary and Comprehension scores are within the average range compared to the pooled standardization sample, where the mean is 200 and the standard deviation is 25. Your evaluator appears to place emphasis on your NDRT Reading Rate score, however, this score is not considered by experts to be a reliable measure of reading speed as it is determined on the basis of a single, one-minute reading sample.

Accommodations are intended to provide access to the USMLE testing program for individuals with a documented disability as defined by the Americans with Disabilities Act (ADA), as amended by the ADA Amendments Act of 2008 (together, "ADA"). A diagnostic label, in and of itself, does not establish coverage under the ADA, nor does prior receipt of accommodations for a particular activity guarantee that identical accommodations are indicated or will be available in all future settings and circumstances. The ADA covers individuals who are substantially limited in a major life activity. Determination of whether an individual is substantially limited in functioning as compared to most people is based on assessment of the current impact of the identified impairment. Unlike some education laws that focus on maximizing an individual's

potential (e.g., Individuals with Disabilities Education Act), the ADA is not intended to focus on the achievement of a particular result, such as test completion or a passing score.

In order to help us make a more informed decision regarding your request, you should submit additional documentation to demonstrate the chronic and current *functional impact* of your reported difficulties. Please provide any available transcripts from high school, your college transcripts, and your complete medical school transcript, as well as transcripts from any additional post-baccalaureate coursework. You should also submit scores from all administrations of standardized exams that you have taken (e.g., SAT, GRE, or MCAT). Please submit verification of accommodations granted for any administration of such exams. Additional documentation to demonstrate a substantial impairment in a major life activity may include job performance evaluations (from paid, volunteer, or internship positions), formal medical school faculty or supervisor feedback, clerkship/ward rotation evaluations, clinical course grades/evaluations, recent diagnostic or treatment summaries from any treating mental health professionals (such as professional counselors, psychologists, psychiatrists, etc.), or any other available sources to document what you can and cannot do on a regular and continuing basis.

Please refer to the USMLE Guidelines to Request Test Accommodations at www.usmle.org for a detailed description of how to document a need for accommodation and discuss this information with your evaluators as needed to assist you in compiling complete and comprehensive documentation.

We will release the hold on your scheduling permit at this time. You may schedule your examination and test under standard conditions or you may provide additional documentation for our review as outlined above. The requested information will assist us in determining whether you are a covered individual as defined by the ADA, and if so, what accommodations are appropriate.

If you choose to provide additional documentation, you may send it by mail to Disability Services, 3750 Market Street, Philadelphia, PA 19104. Alternatively, you may fax documents to 215-590-9422 and call 215-590-9700 to verify receipt. Please do not send bound or tabbed materials, or duplicate copies of documentation already submitted as this will delay processing of your request. You are responsible for monitoring your registration status and examination eligibility. We must receive sufficient additional documentation to process your request prior to the expiration of your eligibility period.

If we do not receive any additional documentation from you, or if you test under standard conditions, your request for accommodations will be cancelled. If you do not plan to submit additional documentation and would like to test under standard conditions, please contact your case coordinator, Maria L. Fuentes, at 215-590-9700.

Sincerely,

*Michelle M. Goldberg*

Michelle M. Goldberg, Ph.D.
Disability Assessment Associate, Disability Services

# Exhibit C

JUL-29-2009  15:18 From:MULLIN HOARD BROWN   806 3716230           To:NATL BOARD MED EXMT P.2/2

MULLIN•HOARD•BROWN•LLP

## MHB
### ATTORNEYS AT LAW

VINCENT E. NOWAK, PARTNER                                    Email: venowak@mhba.com
                                                            Direct Dial: (806) 337-1106
Board Certified In Personal Injury Trial Law by the         Facsimile: (806) 371-6230
Texas Board of Legal Specialization

                                July 29, 2009

                                                            103B828        0-755-740-8
                                                            7/29/09 (Nowak)-Attorney

        **Via Facsimile: 215-590-9422**

        Catherine Farmer
        Disability Services
        National Board of Medical Examiners
        3570 Market Street
        Philadelphia, PA  19104-3102

                Re:     Michael Steven Kober
                        USMLE ID# 0-755-740-8

        Dear Ms. Farmer:

                I represent Michael Kober regarding accommodations for the USMLE examinations, and
        am currently drafting the complaint to be filed in federal court. However, my client would like
        to avoid litigation. In that regard, I am asking that the board reconsider Michael's request for
        accommodations in light of the recent amendments to the ADA. Michael's deadline to take the
        Step 1 Exam is fast approaching, so your attention is greatly appreciated. I truly hope that we
        can resolve this matter short of protracted litigation. I look forward to hearing from you.

                With best personal regards, I remain

                                        Very truly yours,

                                        Vincent E. Nowak

        VEN/gh


PO BOX 31656, 79120 • 500 S TAYLOR • SUITE 800, LB 213 • AMARILLO, TEXAS 79101
PHONE: 806.372.5050 • FAX: 806 372 5086

AMARILLO • LUBBOCK • DALLAS

WWW.MULLINHOARD.COM

                        RECEIVED

                          JUL 2 9 2009

                        Disability Services

# Exhibit D

 NBME

National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104-3102

215-590-9500 phone
www.nbme.org

-Confidential-

VIA CERTIFIED MAIL
July 30, 2009

Vincent E. Nowak, Esq.
500 S. Taylor
Suite 800, LB 213
Amarillo, TX 79101

Re:   Michael Steven Kober
      USMLE ID# 0-755-740-8

Dear Mr. Nowak:

I am writing in response to your letter dated July 29, 2009, concerning your client, Michael
Steven Kober. In your letter, you ask that we "reconsider" your client's request for
accommodations in light of the recent amendments to the ADA.

Please be advised that we have not reached a final decision regarding your client's request for
accommodations. We are currently awaiting a response from your client to our June 24, 2009
letter, a copy of which is attached. Please advise us whether your client intends to submit
additional information. If your client provides information, we will consider it fully in our
review. If he chooses not to do so, we will review the materials he has submitted to date and
inform you of the decision at the conclusion of our review.

Sincerely,

Catherine Farmer, Psy.D.
Manager, Disability Services
ADA Compliance Officer, Testing Programs

cc: M. Kober

# Exhibit E





**ROBERT R. BELL, PARTNER**
**Amarillo Office**

Email: rbell@mhba.com
Direct Dial: (806) 337-1108
Direct Facsimile: (806) 371-8230

July 27, 2010

<u>Via Facsimile (215) 590-9422 and Certified Mail</u>

Catherine Farmer, Psy. D.
Disability Services
National Board of Medical Examiners
3570 Market St.
Philadelphia, PA 19104-3102

**RECEIVED**

JUL 3 0 2010

Disability Services

Re:    Michael Kober
       USMLE ID # 0-755-740-8

Dear Ms. Farmer:

This law firm represents Michael Steven Kober in connection with his request for test accommodations for the United States Medical Licensing Examination ("USMLE") Step 1. Mr. Kober is presently registered to take the exam.

Because of his documented history of learning disabilities, Mr. Kober has previously requested that the National Board of Medical Examiners ("NBME") accommodate him by providing him additional time to take the exam. By letter dated June 24, 2009, you told Mr. Kober that you were unable to make an informed decision about his request at this time. Subsequently, on July 30, 2009, you asked Mr. Kober if he intended to submit additional information to the NBME. Moreover, you instructed Mr. Kober that if he did not submit additional documentation that you would then "review the materials he has submitted to date and inform [him] of the decision at the conclusion of [your] review."

By this letter, Mr. Kober is advising you that he has submitted to the NBME all the materials he currently has. Further, we believe the materials submitted are sufficient to document his need for accommodations. Accordingly, Mr. Kober will not be submitting any additional information. Because Mr. Kober has submitted to the NBME all the material he has, he requests that you make a final determination on his request for accommodation. Moreover, since Mr. Kober desires to resume his medical studies as soon as possible, he requests that this matter be resolved as expeditiously as possible.

July 27, 2010
Page 2

We look forward to hearing from you on this matter.

Very truly yours,

Robert R. Bell

cc:   Michael Kober

RECEIVED

JUL 3 0 2010

Disability Services

{2705\00\00213328.DOC / 1}

JUL-27-2010 15:53 From:MULLIN HOARD BROWN    806 3716230         To:NAT L BOARD MED EXAM P.1/3



**ATTORNEYS AT LAW**

500 S Taylor
Suite 800, LB 213
Amarillo, TX 79101
(806) 372-5050 phone
(806) 371-6230 fax

# Fax

| Date: | July 27, 2010 | | Total Pages: 3 |
|---|---|---|---|

| To: | Catherine Farmer, Psy. D. | From: | Robert R. Bell |
|---|---|---|---|
| Client #: 2705.00 | | Phone: | (806) 372-5050 |
| Phone: | | Fax: | (806) 371-6230 |
| Fax: | (215) 590-9422 | | Original will not follow |
| Re: | | | |

RECEIVED

JUL 2 7 2010

Disability Services

**CONFIDENTIALITY NOTICE**

The document accompanying this fax transmission contains confidential information belonging to the sender which is legally privileged.  This information is intended only for the use of the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited.  If you have received this fax in error, please immediately notify us by telephone to arrange for return of the original documents to us.  If all copies are not received or are poorly copied, please call us at (806) 372-5050

JUL-27-2010 15:53 From:MULLIN HOARD BROWN    806 3716230                TO:NAT'L BOARD MED EXAM P.2/3

## MULLIN◆HOARD◆BROWN◆LLP

# MHB

### ATTORNEYS AT LAW

1048981                    0-755-740-8
Bell, R. (7/27/10)-Attorn

ROBERT R. BELL, PARTNER
Amarillo Office

Email: rbell@mhba.com
Direct Dial: (806) 337-1108
Direct Facsimile: (806) 371-6230

July 27, 2010

**Via Facsimile (215) 590-9422 and Certified Mail**

Catherine Farmer, Psy. D.
Disability Services
National Board of Medical Examiners
3570 Market St.
Philadelphia, PA 19104-3102

RECEIVED

JUL 2 7 2010

Disability Services

Re:    Michael Kober
       USMLE ID # 0-755-740-8

Dear Ms. Farmer:

This law firm represents Michael Steven Kober in connection with his request for test accommodations for the United States Medical Licensing Examination ("USMLE") Step 1. Mr. Kober is presently registered to take the exam.

Because of his documented history of learning disabilities, Mr. Kober has previously requested that the National Board of Medical Examiners ("NBME") accommodate him by providing him additional time to take the exam. By letter dated June 24, 2009, you told Mr. Kober that you were unable to make an informed decision about his request at this time. Subsequently, on July 30, 2009, you asked Mr. Kober if he intended to submit additional information to the NBME. Moreover, you instructed Mr. Kober that if he did not submit additional documentation that you would then "review the materials he has submitted to date and inform [him] of the decision at the conclusion of [your] review."

By this letter, Mr. Kober is advising you that he has submitted to the NBME all the materials he currently has. Further, we believe the materials submitted are sufficient to document his need for accommodations. Accordingly, Mr. Kober will not be submitting any additional information. Because Mr. Kober has submitted to the NBME all the material he has, he requests that you make a final determination on his request for accommodation. Moreover, since Mr. Kober desires to resume his medical studies as soon as possible, he requests that this matter be resolved as expeditiously as possible.

P O Box 31036, 79120 · 500 S TAYLOR · SUITE 500, LB 213 · AMARILLO, TEXAS 79101
PHONE 806-372-5050 · FAX 806-371-6230

AMARILLO · LUBBOCK · DALLAS

WWW.MULLINHOARD.COM

V:\DATA\DOCS\LEGAL\27U5\001\002132ZE.DOC

JUL-27-2010 15:53 From:MULLIN MUHRO BROWN    806 3716230         To:NHI L BUHRO MED EXAM P.3/3

July 27, 2010
Page 2

We look forward to hearing from you on this matter.

Very truly yours,

*Robert R. Bell*

Robert R. Bell

cc:    Michael Kober

RECEIVED

JUL 2 7 2010

Disability Services

{27050010021332R.DOC/1}

# Exhibit F



National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104-3102

215-590-9500 phone
www.nbme.org

**CONFIDENTIAL**

August 3, 2010

**Via Certified Mail**
Michael Steven Kober
241 Pennsylvania Ave
Shreveport, LA 71105

RE: USMLE Step 1                    USMLE ID#: 0-755-740-8

Dear Mr. Kober:

We are in receipt of a letter dated July 27, 2010 from your attorney, Mr. Robert R. Bell, stating that you will not be submitting any additional documentation to NBME. Mr. Bell states that you are "presently registered to take the exam" and asks that we make a final determination on your request for test accommodations for Step 1.

Our records show that your Step 1 eligibility expired August 31, 2009 and you are not currently registered for any Step examination. Please contact your registering entity, the Educational Commission for Foreign Medical Graduates (ECFMG), to register for the USMLE. Also, please complete an Applicant's Request for Test Accommodations available at www.usmle.org. To expedite the request process, you may fax the completed form to 215-590-9422 or e-mail it to disabilityservices@nbme.org.

Once your USMLE registration is complete and we have received your completed Applicant's Request for Test Accommodations form, we will review the materials you have submitted to date and inform you of the decision in writing at the conclusion of our review.

Sincerely,

*Catherine Farmer / MMG*

Catherine Farmer, Psy.D.
Manager, Disability Services
ADA Compliance Officer, Testing Programs

C:  Robert R. Bell, Esquire



**NBME**

**RECEIVED**

SEP 07 2010

Disability Services

National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104-3102

www.nbme.org

Notified
8/11/10



016H26522990

$05.54
08/03/2010
Mailed From 19104
US POSTAGE

CERTIFIED MAIL

7009 0820 0000 3880 5345

Michael Steven Kober
241 Pennsylvania Ave
Shreveport, L

NIXIE        708   DE 1        00  08/28/10

RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD

BC: 19104319099     *0397-11142-03-44

**RETURN RECEIPT REQUESTED**

7009 0820 0000 3880 5345
7080986723

RECEIVED

AUG 16 2010

Disability Services



1649354                    0-755-740-5
Cert. Mail Receipt-Others

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. ■ Print your name and address on the reverse so that we can return the card to you. ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Received by (Please Print Clearly)  M Whitfield   B. Date of Delivery  8-9-10  C. Signature  X M. White   ☐ Agent  ☐ Addressee |
| 1. Article Addressed to:  Robert R. Bell  Mullin, Hoard & Brown LLP  Amarillo National Plaza Two  500 South Taylor  Suite 800, LB213  Amarillo, TX 79101-2445 | D. Is delivery address different from item 1?  ☐ Yes   If YES, enter delivery address below:  ☐ No |
|  | 3. Service Type  ☑ Certified Mail   ☐ Express Mail  ☐ Registered   ☑ Return Receipt for Merchandise  ☐ Insured Mail   ☐ C.O.D. |
|  | 4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number (Copy from service label)  7009  0820  0000  3880  5321 | |
| PS Form 3811, July 1999          Domestic Return Receipt | 102595-00-M-0952 |

RECEIVED

AUG 1 9 2010

Disability Services

1048885   6-755-748-8
Cert. Mail Receipt-Others



**U.S. Postal Service ™**
**CERTIFIED MAIL ™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com ®

OFFICIAL USE

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To   Michael S. Kober
Street, Apt. No.; or PO Box No.   241 Pennsylvania Ave
City, State, ZIP+4   Shreveport, LA 71105

PS Form 3800, August 2006        See Reverse for Instructions

RECEIVED

AUG 0 3 2010

Disability Services

**U.S. Postal Service ™**
**CERTIFIED MAIL ™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com ®

OFFICIAL USE

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To   Robert R. Bell   Amarillo Natl Plaza Two
Street, Apt. No.; or PO Box No.   500 South Taylor, Suite B00, LB215
City, State, ZIP+4   Amarillo, TX 79101-2445

PS Form 3800, August 2006        See Reverse for Instructions

# Exhibit G

 NBME

National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104-3102

215-590-9500 phone
www.nbme.org

-Confidential-

September 2, 2010

**Via Certified Mail**

Robert R. Bell, Esq.
500 S. Taylor
Suite 800, LB 213
Amarillo, TX 79101

Re:   Michael Steven Kober
      USMLE ID# 0-755-740-8

Dear Mr. Bell:

The enclosed letter was sent to Michael S. Kober via certified mail on August 3, 2010. The letter
was returned to us today, postmarked "Return to Sender – Unclaimed – Unable to Forward."

Please forward this letter to your client, Mr. Kober. Additionally, it would be helpful if you could
provide us with Mr. Kober's current address for our records.

Sincerely,

Michelle M. Goldberg, Ph.D.
Assistant Manager, Disability Services

Disability Services
215-590-9700
215-590-9422 (Fax)