IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **MICHAEL STEVEN KOBER,** §<br>§<br>*Plaintiff*, §<br>§<br>**v.** §<br>§<br>**AMERICAN UNIVERSITY OF THE** §<br>**CARIBBEAN N.V., INC.,** §<br>**DEVRY MEDICAL INTERNATIONAL,** §<br>**INC., AUC SCHOOL OF MEDICINE** §<br>**B.V., and NATIONAL BOARD OF** §<br>**MEDICAL EXAMINERS OF THE** §<br>**UNITED STATES OF AMERICA** §<br>§<br>*Defendants*. §<br>§ | **Case No.: 12-22276** |

## RESPONSE TO AMERICAN UNIVERSITY OF THE CARIBBEAN, N.V.'S MOTION TO DISMISS THIRD AMENDED COMPLAINT

COMES NOW, the Plaintiff, MICHAEL STEVEN KOBER, by and through undersigned counsel and responds to the Defendant, AMERICAN UNIVERSITY OF THE CARIBBEAN, N.V.'s Motion to Dismiss Third Amended Complaint (D.E. 85) and states as follows:

### I.    Introduction

With regards to Defendant AMERICAN UNIVERSITY OF THE CARIBBEAN, N.V. (hereinafter AUC), this case is a relatively simple denial of accommodation claim for a disability under Section 504 of the Rehabilitation Act of 1973 (hereinafter RA), which is interpreted identically with the Americans with Disabilities Act (hereinafter ADA). The cause of action against this Defendant is that Mr. Kober was not permitted to remain an enrolled student at AUC so he could get the accommodations he required, and that AUC knew that he required, to pass the exam provided by the National Board of Medical Examiners. Third Amended Complaint ¶

16, 17, 18, 19. Kober needed to pass the NBME examinations in order to continue on to further classes to matriculate from AUC. Kober requested an accommodation to remain enrolled at AUC so he could take the exam because of his disability and need for the accommodations, and both by rejecting him, and refusing to allow him to re-enroll, AUC deliberately and intentionally denied his accommodation. Third Amended Complaint ¶ 18, 19, 20.

The two questions for resolution in this case are (1) was providing Mr. Kober additional time to take his NBME examination a "Reasonable accommodation" under the Act, and (2) whether this decision not to allow Mr. Kober additional time an intentional act under <u>Liese v. Indian River County Hosp. District</u>, 2012 U.S. App. LEXIS 23345 (11th Cir. Nov. 13, 2012). As with all ADA or RA cases, the issue of whether an accommodation is reasonable is a fact intensive inquiry that cannot be resolved on a motion to dismiss, as the court is limited to the "four corners" of the complaint, and despite the Defendants attempt to inject facts, the Plaintiff is permitted discovery.

## II. Standard for a motion to dismiss

The Plaintiffs complaint pleads sufficient facts and the law to withstand a motion to dismiss. A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should be granted if the allegations in the complaint fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the formal sufficiency of the allegations of claims for relief. The dismissal of a complaint is warranted "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." <u>Glover v. Liggett Group, Inc</u>., 459 F.3d 1304, 1308 (11th Cir. 2006). *In deciding a motion to dismiss, a Court is limited to the four corners of the complaint and accepts all well-pleaded allegations as true, viewing the motion in the light most favorable to the non-moving party*. <u>Hishon v. King &</u>

Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984); St. George v. Pinellas Cnty., 285 F.3d 1334, 1337 (11th Cir. 2002). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). Those "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 570). In short, the complaint cannot merely allege misconduct, but must demonstrate that it is plausible that the pleader is entitled to relief. See Id at 1950.

### III. Why discovery is needed regarding this dispositive motion regarding a reasonable accommodation

Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (1994), prohibits entities receiving federal financial assistance from discrimination based upon the known physical or mental impairments of a qualified individual with a disability. 29 U.S.C. § 794 (1994). To state a claim under the Rehabilitation Act, Kober first must show that he is a "qualified individual with a disability" within the meaning of the Rehabilitation Act. 29 U.S.C. § 794 (1994); Jackson v. Veterans Administration, 22 F.3d 277, 278 (11th Cir. 1994). The Rehabilitation Act defines "qualified individual with a disability" as an individual who, with or without reasonable accommodation, can perform the essential functions or meet the essential requirements of the program in which such individual participates or in which such individual desires to participate. 29 U.S.C. § 794 (1994); 29 C.F.R. § 1630.2(m) (1993); School Bd. of Nassau County v. Arline, 480 U.S. 273, 287 n.17, 94 L. Ed. 2d 307, 107 S. Ct. 1123 (1987). Thus, to be a "qualified individual with a disability," Kober must show (1) that he has a disability, and (2) that he can meet essential requirements required to remain a student in good standing at AUC with a

reasonable accommodation for his disability.  See  Ellis v. Morehouse Sch. of Med., 925 F. Supp. 1529, 1539-1540 (N.D. Ga. 1996).

AUC does not dispute in the motion that Mr. Kober is a qualified person with a disability, but that the accommodation requested was unreasonable.  Kober requested an enlargement of time so he could accommodations for his NBME exams with the same accommodations as he had been receiving at AUC.  Third Amended Complaint, ¶10.  Whether a requested accommodation is required by law is 'highly fact-specific, requiring case-by-case determination.' Loren v. Sasser, 309 F.3d 1296, 1302 (11th Cir. Fla. 2002); Solodar v. Old Port Cove Lake Point Tower Condo. Ass'n, 2012 U.S. Dist. LEXIS 61680 (S.D. Fla. May 2, 2012); Holbrook v. City of Alpharetta, 112 F.3d 1522, 1527 (11th Cir. 1997) (stating, in a Title I-ADA reasonable accommodation case, that "what is reasonable for each individual employer is a highly fact-specific inquiry that will vary depending on the circumstances and necessities of each employment situation"). "Terms like reasonable are relative to the particular circumstances of the case and the circumstances of a DUI arrest on the roadside are different from those of an office or school or even a police station. What is reasonable must be decided case-by-case based on numerous factors." Bircoll v. Miami-Dade County, 480 F.3d 1072, 1085-1086 (11th Cir. Fla. 2007)

The seminal issue in this matter is whether providing an additional leave as an accommodation was "reasonable."  In support of its motion, AUC submits its January 1, 2010 edition of its student Handbook and recites generally applicable rules that apply without modification to all.  However, in Plaintiff's Third Amended Complaint, ¶ 36, as proof of the reasonableness of such accommodation, the Plaintiff stated:

> 36. It is AUCSM's policy to allow graduation of students within *seven* years of matriculating.  As such, there is no legitimate or pedagogical basis to refuse to

> allow Mr. Kober additional time to obtain accommodations for the Step 1 test, other than to exclude Mr. KOBER due to his disability from AUCSM.

This is derived from page 30, ¶ 28.3 of Exhibit "A" of Defendant's Motion.

As a matter of logic, it would be reasonable for Mr. Kober to have received the accommodation if he would have been able to still able to graduate within seven years of matriculating. Further, even if he was not able to do so, the question then turns as to what academic or pedagogical reasons exist to establish this limitation in time.

The entire motion to dismiss contains many unverified, unsworn statements disputing the facts in the complaint, as well as proffering reasons for the failure to provide Mr. Kober the reasonable accommodation that he was seeking. For example, whether AUC provided an accommodation of returning to school for only a limited time to attempt to obtain an accommodation arises a question of fact and a defense, as to whether the alternate accommodation was reasonable. Mr. Kober asserts that suggested accommodation was not reasonable as NBME may not have provided him the accommodation within the limited time frame AUC suggested, and Mr. Kober then would have forever waived his rights to obtain an appropriate accommodation.

However, such disputes of facts, defenses, and rationales for discrimination are better suited for a summary judgment, and not a Rule 12(b)(6) motion to dismiss.

**WHEREFORE,** Plaintiff, MICHAEL STEVEN KOBER, respectfully requests that this Court DENY Defendant, AMERICAN UNIVERSITY OF THE CARIBBEAN, N.V.'s Motion to Dismiss Third Amended Complaint (D.E. 85), and grant such further relief as this Court deems just and equitable.

Respectfully submitted on this 26th day of November, 2012.

KOBER v. AMERICAN UNIVERSITY OF CARRIBEAN NV INC.
Case No.: 12-22276-Civ
Page 6 of 6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 26, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of electronic filing to **Clinton C. Black, Esq.,** Kitchens Benton et al., 212 Airline Drive, Ste. 200, Bossier City, LA 71111, and **Anna Aurelia Mance, Esq.**, **Hendrik Gerardue Milne, Esq**. and **Renee Rubinstein Tischler, Esq**., Aballi Milne Kalil & Escagedo, 1 S.E. 3rd Avenue, Suite 2250, Miami, Florida 33131.

LAW OFFICES OF MATTHEW W. DIETZ, P.L.
2990 Southwest 35th Avenue
Miami, Florida 33133
T: (305) 669-2822
F: (305) 442-4181
Email: matthewdietz@usdisabilitylaw.com

By: s/ Matthew W. Dietz, Esq.
    Matthew W. Dietz, Esq.
    Florida Bar No. 84905

Robert R. Bell, TSBN 00787062
MULLIN HOARD & BROWN, LLP
500 S. Taylor, Ste 800
P.O. Box 31656
Amarillo, Texas 79120
T: (806) 372-5050/F: (806) 372-5086
E-mail: rbell@mhba.com