UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 1:12-cv-22276-COOKE/TURNOFF**

MICHAEL STEVEN KOBER,

    Plaintiff,

v.

AMERICAN UNIVERSITY OF THE
CARIBBEAN, N.V., INC.,
DEVRY MEDICAL INTERNATIONAL,
INC., AUC SCHOOL OF MEDICINE
B.V., and NATIONAL BOARD OF
MEDICAL EXAMINERS OF THE
UNITED STATES OF AMERICA,

    Defendants.

_____/

**AMERICAN UNIVERSITY OF THE CARIBBEAN, N.V.'S**
**REPLY TO MOTION DISMISS THIRD AMENDED COMPLAINT**

Defendant, American University of the Caribbean, N.V. ("AUC"), files its Reply to AUC's Motion to Dismiss the Third Amended Complaint (the "Reply"), and states:

**Introduction**

Michael Kober ("Kober") has not pled a proper claim under the Rehabilitation Act as he has failed to plead an essential element that he was ***discriminated against solely by reason of his handicap***. Moreover, Kober could not satisfy the elements of this claim or meet the plausibility standard outlined in *Twombly* and *Iqbal*. The facts pled by Kober support AUC's position that his alleged disability was completely unrelated to him being taken off student enrollment. AUC repeatedly made accommodations for Kober and, in fact, made every requested accommodation

for him while he was enrolled in medical school.  AUC even offered Kober another chance to be re-enrolled and sit for the USMLE Step 1.  Kober refused.

### Reply

Kober's Third Amended Complaint [D.E. 73] alleges, insufficiently, as explained below, only one cause of action against AUC for violation of the Rehabilitation Act.  The elements of a claim under the Rehabilitation Act are "(1) the that [the individual] is handicapped under the Act, (2) that [he] is otherwise qualified for the benefit sought, (3) that [he] was ***discriminated against solely by reason of [his] handicap***, and (4) that the program or activity in question receives federal financial assistance."  *Schiavo ex rel Schindler v. Schiavo*, 358 F. Supp. 2d 1161, 1165-66 (M.D. Fla. 2005) (emphasis added) (internal quotations omitted).

At a minimum, Kober, needed to plead these elements in order to avoid dismissal of his Third Amended Complaint.  He has not done so.  Kober admits as much in the first paragraph of his Response to American University of the Caribbean, N.V.'s Motion to Dismiss Third Amended Complaint [D.E. 97] (the "Response") when he states "[t]he cause of action against this Defendant is that Kober was not permitted to remain an enrolled student at AUC so he could get the accommodation he required, and that AUC knew that he required, to pass the exam provided by the National Board of Medical Examiners."  Response, p. 1.  His disability is not even mentioned.  Moreover, nowhere in the Third Amended Complaint does Kober plead any connection between the alleged wrongful conduct of AUC, his withdrawal from medical school, and his disability.  Nor does he plead intent by AUC to discriminate against him solely because of his disability.  Furthermore, even if AUC had allowed him re-enrollment into medical school, AUC could not guarantee or even influence whether Kober would ever get the accommodations he was seeking from the National Board of Medical Examiners (the "NBME") or whether he

would ever pass the United States Medical Licensing Exam Step 1 (the "USMLE Step 1").  As Kober acknowledges, AUC and the NBME are not related and AUC has no control over the NBME's decisions or the administration of its exams.  Kober has, therefore, not pled the basic requirements of a Rehabilitation Act claim and the Third Amended Complaint should be dismissed.

Kober and AUC agree that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted); *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[f]actual allegations must be enough to raise a right to relief above the speculative level").  Thus, Kober needed to plead more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."  *Stringer v. Jackson*, 392 F. App'x 759, 760 (11th Cir. 2010) (internal quotations and citations omitted).  He has not.  Instead, without providing supporting facts, Kober accuses AUC of violating the Rehabilitation Act by preventing him from taking the USMLE Step 1 exam with accommodation and continuing medical school.  This is not only inaccurate, but the facts pled do not support it.  The facts are the following:

(1) As a student at the Medical School, Kober received special testing accommodations in compliance with the ADA and Rehabilitation Act.

(2) As a student at the Medical School, Kober received **six official leaves of absence** when the Medical School's policy is to only give three, or four in extraordinary circumstances, so that he could pursue his effort to take and pass the USMLE Step 1;

3

(3) As a student at the Medical School, Kober failed the USMLE Step 1 three times, but was not dismissed from the Medical School on academic grounds which would have been its prerogative pursuant to its policy as stated in the Student Handbook[1]; and

(4) After being taken off student enrollment, Kober was given an opportunity to be re-enrolled in the Medical School, but he refused. Had the offer been accepted, Kober would have been able to apply and sit for the USMLE Step 1 and continue with his medical education. In addition, if Kober felt that any of his rights were being violated by the NBME, he would have had the standing necessary to pursue any potential claim against it. Thus, he would have received the very same relief he is asking for now in his Third Amended Complaint. By doing so, Kober has essentially admitted the reasonableness of AUC's offer.

Furthermore, as mentioned above, even if Kober were to be re-enrolled into the Medical School, which AUC offered, he might never receive or be entitled to special testing accommodations from the NBME. Nor would receiving special testing accommodations guarantee that Kober would eventually pass the USMLE Step 1.

A few additional points for clarification follow:

1. Kober argues in the Response that AUC does not dispute that Kober is a qualified person with a disability. This is inaccurate. AUC takes no position on the point. At AUC Kober did receive special testing accommodations. However, AUC is not in a position to opine as to whether Kober should qualify for special testing accommodations on the USMLE Step 1. That is a decision for the NBME, which is unrelated to AUC.

---

[1] Kober failed the USMLE Step 1 for third time in August 2009. He was withdrawn from the Medical School in May 2010.

2.      In the Response at the bottom of page 4 and top of page 5, Kober provides what he apparently purports to be a block quote from the Student Handbook regarding the length of time a medical student has to graduate. It states:

> <u>36.</u> <u>It is AUCSM's policy to allow graduation of students within</u> <u>***seven*** years of matriculating</u>. As such, there is no legitimate or pedagogical basis to refuse to allow Mr. Kober additional time to obtain accommodations for the Step 1 test, other than to exclude Mr. KOBER due to his disability from AUCSM.

Response, pp. 4-5.

This is misleading and is an inaccurate quote or summary of AUC's policy. What the Student Handbook actually provides is that "[a]ny student matriculating in January 2009 or thereafter and who does not graduate within 7 years of matriculating will be dismissed from the University on academic grounds." Student Handbook, p. 30, ¶ 28.3.

First, this provision does not apply to Kober as he started medical school in 2005. Second, this position is untenable and would make a degree from the medical school worthless. Kober argues essentially that because of this provision, every student has from the time they start medical school seven years to graduate regardless of what happens during that time period. Thus, medical students, according to Kober, must be given countless opportunities to pass exams and classes and would be allowed to remain in medical school despite ethical violations so long as they managed to graduate within a seven year time period.

3.      A motion to dismiss may be treated as a motion for summary judgment if the Court deems it necessary. Fed. R. Civ. P. 12(d) ("[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56"). The example, however, provided by Kober regarding the accommodation AUC offered him is not an example that would make this

necessary and is within the "four corners" of the complaint. The Response states "[f]or example, whether AUC provided an accommodation of returning to school for only a limited time to attempt to obtain an accommodation raises a question of fact and a defense, as to whether the alternate accommodation was reasonable." Response, p. 5.

In the Third Amended Complaint, Kober specifically pleads "[o]n November 3, 2010, AUCSM granted him conditional readmission, only subject to specific conditions . . . ." Third Amended Complaint, p. 5, ¶ 20. Thus, it is not a defense or alternate accommodation for AUC to state that it offered this very accommodation.

4.      The position that if Kober had accepted AUC's offer for readmission he would have "forever waived his rights to obtain an appropriate accommodation" is completely unsupported, makes no sense, and is therefore not better suited for summary judgment. This goes to the plausibility of Kober's position. When determining plausibility the court may rely on "its experience and common sense." *Ashcroft*, 556 U.S. 662, 129 S. Ct. at 1950 (internal citation omitted). By accepting the offer of re-enrollment, Kober would not have waived any right to seek testing accommodations from the NBME. As Kober agrees, the NBME and the Medical School are not affiliated in any way and it is solely up to the NBME to make decisions regarding testing accommodations on the exams it administers. Furthermore, re-enrollment in medical school, which was offered to Kober by AUC and rejected by him, would have given Kober standing to not only take the USMLE Step 1 again, but to also ask the NBME for special testing accommodations. If that request were denied by the NBME, Kober would then have had the standing he needed to pursue any right he believes he had to testing accommodations in court.

**Conclusion**

The Third Amended Complaint of Michael Steven Kober against American University of the Caribbean, N.V. should be dismissed under Rule 12(b)(6), Federal Rules of Civil Procedure in its entirety.

Respectfully submitted,

ABALLI, MILNE, KALIL, P.A.
2250 SunTrust International Center
One Southeast Third Avenue
Miami, Florida 33131
Telephone: (305) 373-6600
Facsimile: (305) 373-7929

s/ *Renee R. Tischler*
Renee R. Tischler, Esq.
Florida Bar No. 26939
Hendrik G. Milne, Esq.
Florida Bar No. 335886

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was served via CM/ECF on all parties authorized to receive service via CM/ECF this 5th day of December, 2012.

s/ *Renee R. Tischler*
