UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 1:12-cv-22276-COOKE/TURNOFF**

MICHAEL STEVEN KOBER,

      Plaintiff,

v.

AMERICAN UNIVERSITY OF THE CARIBBEAN,
N.V., INC.,

      Defendant.

_____/

**AMERICAN UNIVERSITY OF THE CARIBBEAN, N.V.'S OPPOSITION
TO MOTION TO FILE SETTLEMENT DOCUMENTS UNDER SEAL IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS [D.E. 111]**

Defendant, American University of the Caribbean, N.V. ("AUC"), files its opposition to

Plaintiff Michael Steven Kober's ("Kober") Motion to File Settlement Documents Under Seal in

Opposition to Defendant's Motion to Dismiss ("Motion to File Settlement Documents Under

Seal" or the "Motion") [D.E. 111], and states:

On January 7, 2013 Kober filed his Motion to File Settlement Documents Under Seal.

[D.E. 111]. The Motion provides that Kober would like to file settlement documents with other

Defendants under seal so that the Court can consider them in deciding whether to grant AUC's

Motion to Dismiss the Third Amended Complaint [D.E. 85]. No other reason for filing the

settlement documents is given.  Since the Court dismissed Devry Medial International, Inc. and

AUC School of Medicine, B.V., the parties with whom Kober settled, the *only* reason for which

the settlement documents are offered can be, Kober hopes, as alleged proof of AUC's liability.

Case law and the Federal Rules of evidence, however, preclude the possibility of use of the settlement documents for use in opposition to AUC's motion to dismiss or for establishing AUC's liability.

First, the settlement documents do not impute any liability to AUC. Moreover, "[i]n deciding a motion to dismiss, a court may only examine the four corners of the complaint and not matters outside the complaint without converting the motion to dismiss to a motion for summary judgment." *Caravello v. Am. Airlines, Inc.*, 315 F. Supp. 2d 1346, 1348 (S.D. Fla. 2004); *Dent v. Giaimo*, 606 F. Supp. 2d 1357, 1358 (S.D. Fla. 2009) ("[t]o determine whether the complaint contains sufficient factual allegations, courts must look at the complaint and the supporting documents submitted with the complaint"). No settlement documents existed at the time of the filing of the Third Amended Complaint, and are thus not attached to the Third Amended Complaint. Next, the Federal Rules of Evidence preclude use of the settlement documents to prove AUC's liability.

Rule 408(1) states, in part,"[e]vidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim . . . (1) furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim . . . ." Thus a settlement agreement cannot be used to show liability for or invalidity of a claim, which is the only basis provided for filing the documents under seal. *United States v. Cooper*, 283 F. Supp. 2d 1215, 1227 (D. Kan. 2003); *King v. Cessna Aircraft Co.*, 2010 WL 1839266, *1 (S.D. Fla. May 6, 2010).

In addition, the general public policy is that "[u]nless otherwise provided by law, Court rule or Court order, proceedings in the United States District Court are public and Court filings

are matters of public record." S.D. Fla. L.R. 5.4(1). S.D. Fla. L.R. 5.4(2) provides, in part, that "[a] party seeking to make a filing under seal shall . . . (2) File an original and a copy of the motion to seal with self-addressed postage-paid envelopes, setting forth a reasonable basis for departing from the general policy of a public filing, and generally describing the matter contained in the envelope.  The motion shall specifically state the period of time that the party seeks to have the matter maintained under seal by the Clerk's Office . . . ."  All Kober has done is file the Motion via CM/ECF, which does not meet the requirements of Local Rule 5.4.

WHEREFORE, American University of the Caribbean, N.V. respectfully requests the Court deny Michael Steven Kober's Motion to File Settlement Documents Under Seal in Opposition to Defendant's Motion to Dismiss [D.E. 111].  Should the Court allow the settlement documents to be filed under seal, American University of the Caribbean, N.V., respectfully requests the Court not consider them in determining liability or the validity of Kober's claim against American University of the Caribbean, N.V.

Respectfully submitted,

ABALLI, MILNE, KALIL, P.A.
2250 SunTrust International Center
One Southeast Third Avenue
Miami, Florida 33131
Telephone: (305) 373-6600
Facsimile: (305) 373-7929

s/ Joshua D. Poyer
Hendrik G. Milne, Esq.
Florida Bar No. 335886
Joshua D. Poyer, Esq.
Florida Bar No. 653349

3

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served via CM/ECF on all parties

authorized to receive service via CM/ECF this 14th day of January, 2013.


s/ Joshua D. Poyer