UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-22276-Civ-COOKE/TURNOFF

MICHAEL STEVEN KOBER,

    Plaintiff,

vs.

AMERICAN UNIVERSITY OF THE
CARIBBEAN N.V., INC., DEVRY MEDICAL
INTERNATIONAL, INC., AUC SCHOOL OF
MEDICINE B.V., and NATIONAL BOARD OF
MEDICAL EXAMINERS OF THE UNITED
STATES OF AMERICA,

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO FILE SETTLEMENT DOCUMENTS UNDER SEAL IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

THIS MATTER is before me on Plaintiff's Motion to File Settlement Documents Under Seal in Opposition to Defendant's Motion to Dismiss (ECF No. 111). Defendant American University of the Caribbean, N.V. ("AUC") filed its Opposition to Motion to File Settlement Documents Under Seal in Opposition to Defendant's Motion to Dismiss (ECF No. 114), and Plaintiff submitted his Reply to Opposition to File Settlement Documents Under Seal (ECF No. 115). Therefore, Plaintiff's Motion to File Settlement Documents Under Seal is fully briefed and ripe for adjudication. For the reasons provided herein, Plaintiff's Motion to File Settlement Documents Under Seal is denied.

Plaintiff, Michael Steven Kober, seeks to file the confidential settlement documents between him and Defendants AUC School of Medicine B.V. ("AUC Medicine") and Devry Medical International, Inc. ("Devry Medical") for the sole purpose of "demonstrat[ing] that accommodating Mr. Kober would neither be an undue burden or fundamental alteration of a school's operations,"

Pl.'s Mot. File Settlement Docs. at 1, in opposition to "[t]he whole basis [of] Defendant's motion to dismiss [] that it would be a fundamental alteration of the Defendant's policies and procedures when it operated the medical school to allow Mr. Kober to be readmitted so he could take his NBME exam." Pl.'s Rep. at 1.

"A court is generally limited to reviewing what is within the four corners of the complaint on a motion to dismiss. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Fed. R. Civ. P. 56. However, a district court may consider a document attached to a motion to dismiss without converting the motion into a motion for summary judgment where … the document is central to the plaintiff's claim, and its authenticity is not challenged." *Fetterhoff v. Liberty Life Assur. Co.*, 282 F. App'x 740, 743 n.1 (11th Cir. 2008) (quoting *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005)). In the case at bar, the confidential settlement documents between Plaintiff and Defendants AUC Medicine and Devry Medical were neither referenced nor attached to Plaintiff's Complaint or to AUC's Motion to Dismiss. Therefore, pursuant to Federal Rule of Civil Procedure 12, it is improper to consider the confidential settlement documents in my consideration of Defendant AUC's Motion to Dismiss.

Furthermore, the plain text of Federal Rule of Evidence 408 prevents the use of settlements for the purpose in which Plaintiff desires to use it. *See* Fed. R. Evid. 408 advisory committee's note ("This rule as reported makes evidence of settlement or attempted settlement of a disputed claim inadmissible when offered as an admission of liability or the amount of liability. The purpose of this rule is to encourage settlements which would be discouraged if such evidence were admissible.") Plaintiff offers no authority excepting the confidential settlement documents in this matter from the prohibition provided by Federal Rule of Evidence 408.

Accordingly, Plaintiff's Motion to File Settlement Documents Under Seal in Opposition to Defendant's Motion to Dismiss (ECF No. 111) is **DENIED**.

**DONE and ORDERED** in chambers at Miami, Florida, this 16th day of January 2013.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*